Sherry MANN and Richard B. Mann, Plaintiffs-Appellants,

v.

A.H. ROBINS COMPANY, INC., Defendant-Appellee.

No. 83–2530
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 9, 1984.

---

Kronzer, Abraham, Watkins, Nichols, Ballard & Friend, Craig Douglas Ball, Houston, Tex., for plaintiffs-appellants.

Fulbright & Jaworski, David B. Weinstein, Terry O. Tottenham, Houston, Tex., for defendant-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

GEE, Circuit Judge:

This diversity case poses the question whether under Texas law a cause of action in tort accrues when a plaintiff injured by a defective product learns that she is ill, or whether her cause of action accrues when she learns (or reasonably could have learned) the cause of her illness. We find that the Texas "discovery rule" applies to this action and dictates that knowledge of cause in fact determines when the cause of action accrues. Accordingly, the district court erred in granting summary judgment to defendant manufacturer A.H. Robins on the ground that plaintiff Sherry Mann's claim was barred by Texas' two-year statute of limitations normally applicable to tort actions. However, the record on appeal does not establish when Mrs. Mann learned or reasonably should have learned the cause of her illness. Therefore, we vacate the judgment and remand for the district court to resolve this factual question, determinative of Robins' statute of limitations defense, and to conduct further proceedings as necessary.

### Background

In May of 1971, Sherry Mann was fitted with a Dalkon Shield intrauterine device manufactured and marketed by defendant Robins. She wore the IUD until December of 1972 when, despite the IUD, she became pregnant but miscarried. After removal of the IUD she developed pain in her lower abdomen during sexual relations and consulted her physician who, in March of 1974, conclusively diagnosed endometriosis. As a consequence, Mrs. Mann was forced to undergo a total hysterectomy.

She asserts, and defendant does not deny, that although she knew she was ill in 1974, she did not know the cause of her illness until 1982, when she discovered that the Dalkon Shield was responsible and sued Robins. The district court granted summary judgment for Robins on the ground that Mrs. Mann's suit was barred by the Texas' two-year statute of limitations in personal injury cases—implicitly holding that her cause of action accrued when she learned in 1974 that she had endometriosis, and not in 1982, when, she claims, she first learned that the Dalkon Shield had caused her injury. She appeals, contending that summary judgment was error since under the Texas "discovery rule" her cause of action accrued when she learned the cause of her

injury and that a genuine issue of material fact existed as to whether she learned, or reasonably should have learned, the cause over two years before she filed suit.

Our review of the district court's disposition of this case is guided by the standard of review of summary judgment set out in Rule 56(e) of the Federal Rules of Civil Procedure: summary judgment is appropriate only where the record reveals that there is no genuine issue as to any material fact. The burden of showing the absence of a dispute as to a material fact is on the party seeking summary judgment, and all reasonable inferences must be resolved in favor of the opposing party. *Penton v. Crown Zellerbach Corp.*, 699 F.2d 737 (5th Cir.1983).

### The Texas Discovery Rule

■ Texas' two-year statute of limitations in personal injury actions, Tex.Rev. Stat.Ann. art. 5526 (Vernon 1982 Supp.), provides that all such actions must be brought "within two years after the cause of action shall have accrued." Usually, the cause of action is considered to accrue at the time of injury, *see, e.g., Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977). However, the Texas courts have recognized an exception to this rule: certain "inherently undiscoverable causes of action" are not considered to accrue until the plaintiff learns or reasonably should have learned of the negligent cause. *E.g., Nelson v. Krusen*, 27 Tex.Sup.Ct.J. 82, 83 (Tex. Nov. 16, 1983).

■ First recognized by the Texas courts in *Gaddis v. Smith*, 417 S.W.2d 577 (Tex.1967), a case involving a surgical sponge left in the patient, the "discovery rule" has been applied since to allow plaintiffs otherwise barred by the statute of limitations to proceed where under the circumstances the plaintiff was unable to learn of the injury, *see Hays v. Hall*, 488 S.W.2d 412 (Tex.1972) (unsuccessful vasectomy), or, as in the instant case, where the

plaintiff did not discover, or in the exercise of reasonable diligence should not have discovered, the negligent cause of illness, *see Grady v. Faykus*, 530 S.W.2d 151 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.) (cancer caused by excessive radiation treatment).[1] As the court stated in *Grady:*

> [A] fact issue exists about when plaintiff discovered the true facts concerning the cause of her unfortunate condition or the date she, in the exercise of ordinary care, should have discovered such cause. Because of that fact issue, the trial court erred in granting a summary judgment in defendants' favor.

530 S.W.2d at 154.

The principle stated in *Grady* governs this case. As we stated in a recent Dalkon Shield action in which the defendant, Robins, raised this same statute of limitations defense: "Clearly, the relevant 'injury' occurred when the plaintiff discovered the injury and its cause in fact." *Timberlake v. A.H. Robins*, 727 F.2d 1363 (5th Cir.1984) (discussing the Texas cases). In *Timberlake*, the plaintiff failed to file suit within two years of learning that she had endometriosis *and* that it was, in her doctor's opinion, caused by the Dalkon Shield. We held that the statute of limitations was triggered at the point when she discovered her injury and its cause and that she was therefore time-barred. *See also Fusco v. Johns-Manville Products Corp.*, 643 F.2d 1181 (5th Cir.1981) (plaintiff who knew that exposure to asbestos was harmful and subsequently learned that he had asbestosis was time-barred where he did not file suit within two years of learning of his disease); *Roman v. A.H. Robins Co.*, 518 F.2d 970 (5th Cir.1975) (plaintiff time-barred where she failed to file suit within two years from learning that her injury was caused by a reaction to defendant's product). According to Mrs. Mann, her situation presents the converse of that found in these cases: we conclude that if she is correct in asserting that she did not know, nor should rea-

---

1. Recently, in *Robinson,* the Texas Supreme Court refused to extend the discovery rule to medical misdiagnosis cases. This does not af-

fect our analysis in products liability actions such as the instant case.

sonably have known,[2] of the cause of her endometriosis more than two years before suit, her claim is not barred by Texas law.

We vacate the summary judgment and remand to the district court for determination of the factual question of when Mrs. Mann actually knew, or when she reasonably should have known, of the cause of her injury and for further proceedings as required.

VACATED and REMANDED.

2. We note again, as we did in *Timberlake*, that in its most recent discussion of the discovery rule in *Nelson*—in a different context than that presented here—the Texas Supreme Court indicated its concern with the responsibility of the plaintiff to exercise due diligence by describing the time of accrual under the discovery rule as the time that "the patient learned of, or in the exercise of reasonable care and diligence, should have learned of, the physician's negligent act." *Nelson*, 27 Tex.Sup.Ct.J. at 83, *see Timberlake*, at 1364. However, the manner in which the Texas courts have applied the discovery rule makes it clear that what constitutes due diligence is necessarily a case-by-case determination. For example, mere temporal proximity of the negligent act to the illness alone is not determinative; the *Grady* court held that plaintiff's statement "after the radiation therapy was completed, complications began to develop" did not establish that she knew or should have known that the radiation treatment caused her illness. *See Grady*, 530 S.W.2d at 154.