**Mary Nancy WOODRUFF and Frank Sands Woodruff, Jr., Plaintiffs-Appellants,**

v.

**A.H. ROBINS COMPANY, INC., Defendant-Appellee.**

No. 83–2605.

United States Court of Appeals, Fifth Circuit.

Sept. 24, 1984.

John R. Leach, III, Houston, Tex., for plaintiffs-appellants.

Fulbright & Jaworski, Terry O. Tottenham, David B. Weinstein, Houston, Tex., for defendant-appellee.

Before GEE, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:

This diversity case centers on a question recently resolved by this circuit on facts undistinguishable from those of this case: whether, under Texas law, a cause of action in tort accrues when a plaintiff injured by a defective product learns of his injury, or whether his cause of action accrues when he learns (or reasonably could have learned) of the cause of that injury. In *Mann v. A.H. Robins Company, Inc.*, 741 F.2d 79 (5th Cir.1984), we held that under the Texas "discovery rule," knowledge of cause in fact determines when the cause of action accrues. Applying *Mann* to the facts of this case, we hold that the district court erred in granting summary judgment to defendant A.H. Robins Company, Inc., on the ground that the claim of the plaintiff, Mary Nancy Woodruff, was barred by the Texas two-year statute of limitations applicable to tort actions. Because the record on appeal does not establish beyond genuine dispute when Mrs. Woodruff learned or reasonably should have learned of the cause of her illness, we remand for resolution of this factual question, dispositive of the statute of limitations issue and for further proceedings as necessary.

In January of 1972, Mary Nancy Woodruff was fitted with a Dalkon Shield intrauterine device manufactured and marketed by Robins. Following severe cramping, the IUD was removed in January of 1973, at which time Mrs. Woodruff was informed that she had developed a severe pelvic infection. A hysterectomy was necessary and was performed immediately.

Mrs. Woodruff asserts that although she knew she was ill in 1973, she did not discover the possible cause of her illness until 1981, when Mr. Woodruff read an article in *The Wall Street Journal* suggesting a possible causal connection between the Dalkon Shield and the pelvic infection. The Woodruffs filed this suit within a few months of reading *The Wall Street Journal* article and learning of the possible connection between the Dalkon Shield and Mrs. Woodruff's injuries. The district court granted summary judgment for Robins on Mrs. Woodruff's personal injury claims, on the ground that Mrs. Woodruff's suit was barred by the Texas two-year statute of limitations applicable to personal injury actions.[1] The district court held that Mrs. Woodruff's cause of action accrued when she learned of her infection in 1973, and

---

1. The district court also granted summary judgment for Robins on plaintiff's personal injury claims for breach of warranty under the common law and Texas Business and Commerce Code § 2.725 on the grounds that the common law action must be commenced within two years of knowledge of injury and the § 2.725 action must be commenced within four years of the date of tender or delivery of the goods sold. Our ruling that the tort statute of limitations did not start to run until knowledge of the cause of injury applies to vacate the summary judgment on Woodruff's common law warranty claims. Plaintiff does not appeal the disposal of her statutory claims.

not in 1981, when she claims she first learned the Dalkon Shield had caused her injury. On appeal, Woodruff argues that the district court erred in granting summary judgment since the Texas "discovery rule" applies here to provide that her cause of action accrued when she became aware of the cause of her injury, and that she learned of this cause only a few months before filing suit.

To this appeal from a summary judgment we apply the standard of review supplied by Fed.R.Civ.P. 56(e): summary judgment is error if there exists a genuine dispute as to any material fact. The party seeking summary judgment has the burden of showing the absence of any such factual dispute and insofar as it may reasonably do so, the court must resolve all inferences against that moving party.

We need not here restate at length the discussion of Texas law contained in *Mann.* Suffice it to say that *Mann* is indistinguishable from, and dispositive of, this case. Woodruff, like Mann, alleges that she learned she had a severe pelvic disease, necessitating a hysterectomy, several years before she knew or reasonably should have known that the Dalkon Shield could cause such injury. Here, as in *Mann,* the injured plaintiff filed suit shortly after the date she alleges she learned of the dangers of the Dalkon Shield. In *Mann,* we examined whether the Texas discovery rule, which provides that certain "inherently undiscoverable causes of action" do not accrue until the plaintiff learns or reasonably should have learned of the negligent cause, applies to prevent the statute of limitations from starting to run until the date Sherry Mann learned or should have learned that the Dalkon Shield could have caused her pelvic disease. Our review of Texas law on this issue left us with the conviction that the "discovery rule" would apply to allow Dalkon Shield plaintiffs in Mann's alleged position to assert their claims. *Mann* dictates that if, as Woodruff alleges, she learned of the cause of her injury within two years of filing suit, her claim is not barred by the statute of limitations.

VACATED AND REMANDED.