United States Court of Appeals,

Fifth Circuit.

No. 93-2550

Summary Calendar.

Kristin Jolene SCHAEFER, et al., Plaintiffs,

Kristin Jolene Schaefer and Eric Paul Wagenhauser, Plaintiffs-Appellants

v.

GULF COAST REGIONAL BLOOD CENTER, et al., Defendants-Appellees.

Jan. 4, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before REYNALDO G. GARZA, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Kristin Jolene Schaefer and Eric Paul Wagenhauser (plaintiffs) appeal a district court order granting defendants' summary judgment on the ground that the claim was barred by limitations. Finding no error in the lower court's decision, we affirm.

## I. FACTS

This case involves the alleged transfusion of contaminated blood into Anton James Wagenhauser ("Wagenhauser") on May 23, 1983 while he was undergoing coronary artery by-pass surgery at the Veterans Administration Medical Center in Houston, Texas ("V.A."). On February 23, 1987, almost four years later, the V.A. sent Wagenhauser a letter informing him that one of the blood donors who provided the blood transfused into him in the 1983 surgery was determined to have tested positive for the human immunodeficiency virus ("HIV"). The letter further recommended that Wagenhauser see a physician for additional blood testing. Following these directions, Wagenhauser submitted to blood testing to discover that he was HIV positive. Dr. Roger D. Rossen, M.D., a treating physician of Wagenhauser, advised him on April 7, 1987, that the presumed (probable) cause of his HIV infection was the blood transfusion administered at the V.A. Medical Center in 1983. Wagenhauser died from AIDS-related complications on March 30, 1990.

At no time prior to his death did Wagenhauser, or anyone purporting to act on his behalf, file a lawsuit against any of the defendants. Two years later, on March 27, 1992, the deceased's children filed wrongful death and survival actions against Gulf Coast Regional Blood Center and Baylor College of Medicine. On September 9, 1992, the plaintiffs asserted similar actions against Coffee Memorial Blood Center, The American National Red Cross, the J.K. and Susie L. Wadley Research Institute and Blood Bank d/b/a/ the Blood Center at Wadley, and Blood Center for Southeast Louisiana, under multiple theories of liability seeking redress for damages apparently caused by the transfusion of HIV-contaminated blood. The case was removed to federal court pursuant to the grant of federal jurisdiction conferred by the Red Cross's federal charter, 36 U.S.C. § 2. *See American National Red Cross v. S.G.,* --- U.S. ----, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992). Concluding that the two-year statute of limitations, which began to run against Wagenhauser in April of 1987, had elapsed prior to his death, District Judge Melinda Harmon granted the defendants' motions for summary judgment on limitations grounds against the plaintiffs, and entered final judgment. Plaintiffs have timely appealed.

## II. DISCUSSION

*A. Standard of Review*

This court reviews the granting of summary judgment *de novo. Guthrie v. Tifco Industries,* 941 F.2d 374, 376 (5th Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992); *Began v. Ford Motor Co.,* 869 F.2d 889, 892 (5th Cir.1989). Summary judgment is appropriate where the pleadings, depositions, answers to discovery, and affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c); *Duvall v. Ritz Carlton Hotel Co.,* 946 F.2d 418, 420 (5th Cir.1991).

The movant seeking a federal summary judgment initially must inform the court of the basis for its motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that it is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant

to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed.R.Civ.P. 56(c). The non-moving party may not rest on mere allegation or denials in its pleadings, but must instead produce affirmative evidence and specific facts. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, at 256-57, 106 S.Ct. 2505, 2514-15, 91 L.Ed.2d 202 (1986). It meets this burden only if it shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 248, 106 S.Ct. at 2510 A mere scint illa of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252, 106 S.Ct. at 2512.

More specifically, in the context of limitations, Texas substantive law controls the issues present in the instant litigation. *See, e.g., Woodruff v. A.H. Robins Co., Inc.,* 742 F.2d 228, 229 (5th Cir.1984) (per curiam). As a rule, where the issues raised on appeal center primarily around substantive state law, a federal district court judge's determination on the law in her state is entitled to great weight. *Cole v. Elliott Equipment Co.,* 653 F.2d 1031, 1034 (5th Cir.1981); *Avery v. Maremont Corp.,* 628 F.2d 441, 446 (5th Cir.1980). The sole issue of law with regard to this appeal is whether plaintiffs' claims are barred by the applicable statute of limitations.

*B. Survival & Wrongful Death Claims are Derivative*

Plaintiffs have asserted actions against the defendants pursuant to the Texas Wrongful Death Statute as set forth in TEX.CIV.PRAC. & REM.CODE ANN. §§ 71.002-71.004 (Vernon 1986), and the Texas Survival Statute as set forth in TEX.CIV.PRAC. & REM.CODE ANN. § 71.021 (Vernon 1986). Typically, a wrongful death cause of action accrues upon the death of the injured person. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986). The survivors have two years from the decedent's death to bring the wrongful death claim. *Id.* However, the Texas Supreme Court recently ruled that in cases involving wrongful death claims where the underlying cause of action by the decedent is barred by limitations, no wrongful death cause of action exists. *Russell v. Ingersoll-Rand Co.,* 841 S.W.2d 343, 348-49 (Tex.1992).[1] Claims arising under both the Wrongful Death Act

---

[1]The Wrongful Death Statute allows an action by a decedent's beneficiaries "only if the individual injured would have been entitled to bring an action for the injury if he had lived." TEX.CIV.PRAC. & REM.CODE ANN. § 71.003(a) (Vernon 1986). "If a wrongful death action

and the Survival Statute are derivative actions, and condition the plaintiff's ability to recover upon the decedent's theoretical ability to have brought an action had the decedent lived. *Id.*

All defenses applicable to a deceased's cause of action, including limitations, may also be raised against the derivative claim asserted by his statutory beneficiaries. *Russell,* 841 S.W.2d at 347; *Bounds v. Caudle,* 560 S.W.2d 925, 926 (Tex.1978). If a decedent's action would have been barred by limitations if asserted at the time of his death, the representatives and beneficiaries asserting the wrongful death of the decedent stand in the shoes of the decedent and are barred. *Russell v. Ingersoll-Rand Co.,* 841 S.W.2d 343, 344 (Tex.1992). *See also Slaughter v. Southern Talc Co.,* 949 F.2d 167, 173 (5th Cir.1991).

Following this line of reasoning, it is incumbent upon this court to determine if there exists a genuine issue of fact as to whether Wagenhauser had a viable claim at the time of his death.

*C. The Texas Discovery Rule*

In Texas, causes of action for personal injuries are governed by a two-year statute of limitations, which specifically provides in pertinent part that "a person must bring suit for ... personal injury ... not later than two years after the day the cause of action accrues." TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.003(a) & (b). Therefore, claims which are not brought within a two-year period from the date the cause of action accrues are barred as a matter of law. Under Texas law, Wagenhauser's cause of action accrued at the time he received the injuring transfusion on May 23, 1983. *J.K. and Susie L. Wadley Research Institute & Blood Bank v. Beeson,* 835 S.W.2d 689, 694 (Tex.App.—Dallas 1992, writ denied). However, the Texas discovery rule applies in this situation to toll the statute of limitations until the plaintiff discovers, or through the exercise of reasonable care and diligence should have discovered, the nature of his injury and its cause in fact. *E.g., Glasscock v. Armstrong Cork Co.,* 946 F.2d 1085, 1092 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 1778,

---

exists, it accrues, not when the decedent was injured, but at his death, and the limitations period on that action begins to run at death. But if a wrongful death action does not exist because the decedent could not maintain an action in his own right immediately prior to his death, for whatever reason, then no wrongful death action ever accrues.... Section 16.003(b) does not create a cause of action, or resurrect one that has expired with the decedent; it only defines the period within which statutory beneficiaries must sue if they have a claim." *Russell,* 841 S.W.2d at 348.

118 L.Ed.2d 435 (1991); *Mann v. A.H. Robins Co., Inc.,* 741 F.2d 79, 81 (5th Cir.1984); *Gatling v. Perna,* 788 S.W.2d 44, 47 (Tex.App.—Dallas 1990, writ denied); *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990); *Allen v. Roddis Lumber & Veneer Co.,* 796 S.W.2d 758, 761 (Tex.App.—Corpus Christi 1990, writ denied) ...

The district court, in granting the defendants' motions for summary judgment, found that:

[d]espite Plaintiffs' rambling objections and diversionary allegations, this court finds that the summary judgment evidence submitted by Defendants clearly shows that Mr. Wagenhauser knew in March 1987 that he had received a blood transfusion in 1983 from a donor known later to have been infected with the AIDS virus. He knew that same month and informed the Veterans Administration medical personnel in April 1987 that he was HIV positive. That same month a physician informed him that the probable cause of his infection was the 1983 transfusion. The statute began to run no later than early April, 1987. Accordingly this suit is barred by limitations.

The appellants' contention on appeal is that the granting of summary judgment was erroneous because there exist genuine issues of fact as to whether Wagenhauser had discovered the "cause in fact" of his contamination that would start the timetable for limitations. Appellants argue that *Russell* does not control since there remains a fact issue as to whether Wagenhauser discovered or should have discovered his injury *and* its cause in fact before his death thereby permitting him to timely assert those actions against the defendants before his death. They further argue that Eric Wagenhauser's status as a minor placed him under a legal disability and the period of that disability is excluded from limitations under section 16.001 of the Texas Civil Practice and Remedies Code.

It is undisputed that Wagenhauser never filed suit. It is also undisputed that he died on March 30, 1990, almost seven years after his transfusion, and well over two years after being informed of his HIV infection and discussing the matter with Dr. Rossen. Had Wagenhauser attempted to sue the underlying defendants immediately prior to his death, these alleged causes of action would have been barred by limitations. *See also Davenport v. Phillip Morris, Inc.,* 761 S.W.2d 70, 71 (Tex.App.—Houston [14th Dist.] 1988, no writ) (finding wrongful death claims were barred by statute of limitations because decedent's claim for his own injuries was barred at time of his own death).

In *Beeson,* the court noted that the Texas Supreme Court has applied the discovery rule to a limited number of cases in which the plaintiff did not, and could not, know of the injury at the time

it occurred. 835 S.W.2d at 694. The court decided to apply a discovery rule in *Beeson* because it found that a long latency period makes AIDS an inherently undiscoverable disease. It was undisputed in that case that neither the decedent nor his family members knew or could have known of his injury at the time it occurred (at the time of an earlier blood transfusion), because the test to detect HIV antibodies did not exist until two years after the blood transfusion, and because the blood at issue could not have been tested prior to the transfusion for HIV and was never tested subsequently. *Id.* at 694. The Dallas court held that the discovery rule tolls the statute of limitations only "until the time that the plaintiff discovered, or through the exercise of reasonable care and diligence should discover, the *nature of his injury.*" *Id.* at 695. (emphasis added). Under the discovery rule, the statute of limitations was tolled until Tom Beeson first had notice that he might be infected with HIV—that is when he exhibited symptoms in 1987, approximately a month before tests demonstrated that he was HIV-positive. *Id.*

The court's analysis in *Beeson* indicates that the statute of limitations began to run in the instant case, at the very latest, in the spring of 1987, when Wagenhauser received the letter from the V.A. informing him of his possible exposure to the AIDS virus, and when he was tested shortly thereafter and informed that he was HIV-positive. Furthermore, Wagenhauser discussed his infection, and its probable cause, with Dr. Rossen on April 7, 1987, nearly three years before Wagenhauser's death.

## III. CONCLUSION

After an examination of the summary judgment evidence and careful consideration of the appellants' arguments, we find that Wagenhauser should have determined the cause in fact of his injury when he was apprised of the contaminated blood in 1987. As a result, any claim that existed for Wagenhauser was clearly time-barred at the time of his death. Because Wagenhauser could not maintain an action in his own right prior to his death, the appellants' survival action is also barred by limitations. Technically speaking, their wrongful death claim simply does not exist, and as a result, the cause of action did not accrue. Therefore, we agree that the evidence does not establish a genuine issue of fact, and accordingly, the district court's decision is

AFFIRMED.