10-3093-bk(L)
*In Re: Old Carco LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of September, two thousand eleven.

PRESENT: GUIDO CALABRESI,
         RICHARD C. WESLEY,
         GERARD E. LYNCH,
              *Circuit Judges*.

IN RE: OLD CARCO LLC,

              *Debtor*.

--------------------------

BOUCHER IMPORTS, INC., CRAIN CDJ, LLC,

              *Creditors-Appellants,*

QUADEN MOTORS, INC., AKA JOHN QUADEN
DODGE, INC., JOHNSON MOTORS OF ST. CROIX
FALLS, INC., LAKELAND PONTIAC-GMC-JEEP, INC.,
AKA LAKELAND OLDSMOBILE-PONTIAC-GMC, MUELLER
CHRYSLER, INC., WOLF'S MOTOR CAR COMPANY, INC.,
BRAEGER CHRYSLER JEEP, INC.

              *Creditors,*

         -v.-

OLD CARCO LLC, FKA CHRYSLER LLC, CHRYSLER GROUP LLC,

10-3093-bk(L)
10-3127-bk(con)

*Debtors-Appellees.*[*]

---

FOR APPELLANTS:     DANIEL J. RODA (Charles D. Davidson, *on the brief*), Davidson Law Firm, LTD, Little Rock, AR, *for* Crain CDJ, LLC; and

Paul R. Norman, Boardman, Suhr, Curry & Field LLP, Madison, WI, *for* Boucher Imports, Inc.

FOR APPELLEES:     DANIELLE SPINELLI, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C. (Eric F. Citron, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C.; Robert D. Cultice, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA; Mark T. Clouatre, Gwen J. Young, Wheeler Trigg O'Donnell LLP, Denver, CO; Kevyn D. Orr, Beth R. Heifetz, C. Kevin Marshall, Jones Day, Washington, D.C.; Jeffrey B. Ellman, Jones Day, Columbus, OH; Dennis Murashko, Jones Day, Chicago, IL, *on the brief*).

Appeal from an order and judgment of the United States District Court for the Southern District of New York (McMahon, *J.*), which affirmed the Bankruptcy Court's Enforcement Order (Gonzales, *J.*) entered in Old Carco's Chapter Eleven reorganization. The Bankruptcy Court enjoined Creditors-Appellants from pursuing state law claims that sought to resurrect rejected dealership agreements on

---

[*] The Clerk of the Court is directed to conform the caption in accordance herewith.

2

assets sold "free and clear" of any claim.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **AFFIRMED**. The bankruptcy court that entered the Enforcement Order is the same court that entered the Sale and Rejection Orders. That court is best situated to interpret the Orders; we give its interpretation substantial deference. *In Re Casse*, 198 F.3d 327, 333 (2d Cir. 1999).

Once a bankruptcy court's order becomes final, the order is *res judicata*, even to claims that challenge the bankruptcy court's subject matter jurisdiction.  *Travelers Indemnity Co. v. Bailey*, 129 S. Ct. 2195, 2205 (2009). Here, the Sale and Rejection Orders are final; neither Appellant appealed those Orders and the time to do so has expired.  Thus, the bankruptcy court's sole task was to determine whether the Sale and Rejection Orders precluded Appellants' state law actions, even if there were valid objections to those orders that could have been made when they were entered.

We have reviewed the bankruptcy court's Enforcement Order and the district court's order affirming the same, and **AFFIRM** for the reasons stated by the district court in its well-reasoned decision.

**AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk