[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14364
_____

D.C. Docket Nos. 4:08-md-02004-CDL, 4:13-cv-00135-CDL

ANN MARIE BERGIN,

Plaintiff-Appellant,

versus

MENTOR WORLDWIDE LLC, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 20, 2017)

Before JORDAN and JULIE CARNES, Circuit Judges, and SCHLESINGER,[*] District Judge.

PER CURIAM:

_____
[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF TEXAS PURSUANT TO ARTICLE V, § 3–c(a) OF THE TEXAS CONSTITUTION

TO THE SUPREME COURT OF TEXAS AND ITS HONORABLE JUSTICES:

This appeal arises from an allegedly defective surgical mesh implant. The question to be answered concerns whether under the Texas "discovery rule" a claim accrues for purposes of starting the applicable statute of limitations period when a plaintiff knows, or has reason to know, that there is a connection between her injury and the defendant's product or whether instead accrual (and the corresponding start of the limitations period) occurs only when the plaintiff also has reason to know that the manufacturer acted wrongfully or negligently in its manufacture of the product.

The District Court concluded that the former interpretation of Texas law was correct, and therefore granted summary judgment in favor of Mentor Worldwide LCC, the Appellee in this case. The Appellant, Ms. Ann Bergin—a resident of Texas—argues that accrual requires discovery of both the injury and its negligent cause. Thus, she avers, the District Court erred in its application of Texas law.

To resolve this appeal, we must decide which of the above positions is correct, but that answer depends on an unresolved question of Texas law. We therefore certify this question of law, based on the factual background recited below, to the Supreme Court of Texas and respectfully request its guidance.

2

## I. BACKGROUND AND PROCEDURAL HISTORY

Mentor is the developer of a suburethral mesh sling product called ObTape Transobturator Tape.[1]  In September 2005, Ms. Bergin was implanted with Obtape by her doctor—Keith Grisham—to relieve her urinary incontinence and other medical issues.  A few months later, Ms. Bergin began to experience complications (pain, odor, and vaginal discharge, among other things) with the mesh sling.

In March 2006, Dr. Grisham informed Ms. Bergin that the mesh sling was partially exposed.  Dr. Grisham surgically removed a piece of the exposed ObTape later that month. The complications nonetheless persisted, and Ms. Bergin opted to undergo another surgery in September 2006.  This later procedure resulted in the removal of some granulated tissue and infected "mesh material."

The record indicates that by September 2006, Ms. Bergin was aware that there could be a connection between her injury and the OBTape sling. In his deposition, Dr. Grisham stated that he "probably" discussed the possibility with Ms. Bergin that her symptoms were related to the mesh sling exposure.  Ms. Bergin testified that, based on conversations with her doctor, she thought her body was rejecting the sling.  She understood the two surgical procedures were to

---

[1] The Court recites facts in this opinion solely for purposes of reviewing the District Court's rulings on the proceedings below.  Thus, these "are the facts for present purposes, but they may not be the actual facts." *Kelly v. Curtis*, 21 F.3d 1544, 1546 (11th Cir. 1994) (quoting *Swint v. City of Wadley*, 5 F.3d 1435, 1439 (11th Cir. 1993)) (internal quotation marks omitted).

resolve her medical complications. However, there was no discussion between Ms. Bergin and her doctor regarding a possibility that the ObTape was defective or that the manufacturer may have acted negligently.

Though Ms. Bergin's bleeding and discharge symptoms began to improve after the September surgery, she continued (and continues) to suffer from other symptoms which she attributes to ObTape. Seven years later, on May 14, 2013, Ms. Bergin filed her complaint against Mentor directly in the District Court for the Middle District of Georgia, attempting to join other related claims consolidated in multidistrict litigation proceedings.

As the case progressed, Mentor filed a motion for summary judgment, arguing that Ms. Bergin's claims were time-barred under Texas law,[2] which subjects claims for personal injury to a two year statute of limitations. Mentor argued that Ms. Bergin's claims accrued in 2006, when Dr. Grisham linked some of her symptoms to ObTape and she therefore could have become aware of a connection between the ObTape and her injury. Ms. Bergin, however, insisted that her claims did not accrue until 2013, when she saw a television advertisement alleging that ObTape was defective and was thereby reasonably alerted for the first time to the possibility that the manufacturer may have been negligent.

---

[2] For the purposes of the direct-filed cases, the parties agreed that the District Court would apply the choice of law rules of the state where the plaintiffs resided at the time they filed their complaints. Ms. Bergin is a Texas resident, and the circumstances giving rise to her claims all occurred in Texas.

4

The District Court rejected Ms. Bergin's argument as an incorrect formulation of Texas' discovery rule, which, the court concluded, does not require that a plaintiff have knowledge that a product manufacturer has committed a wrongful act before a claim can accrue.  Instead, the court interpreted the Texas discovery rule as providing that a claim accrues (and the limitations period begins to run) when the plaintiff is reasonably put on notice of a causal connection between the product and the injury.  The District Court concluded that Ms. Bergin connected her symptoms to the ObTape in 2006.  Thus, the District Court reasoned, a reasonable person would have taken some action at that point to follow up on whether her injuries were caused by a defect in the ObTape.  *See Bergin v. Mentor Worldwide, LLC,* No. 4:13-cv-135, 2016 WL 3049491, at \*1 (M.D. Ga. May 27, 2016);   *Bergin v. Mentor Worldwide, LLC,* No. 4:13-cv-135, 2016 WL 1493534 at \*3–4 (M.D. Ga. April 14, 2016).  This appeal followed.

## II. DISCUSSION

As noted, Ms. Bergin argues that the District Court misinterpreted Texas' discovery rule.  According to Ms. Bergin, the limitations period does not commence until a plaintiff discovers, or should have discovered, all the elements of a cause of action.  Put differently, she asserts that her claim could not have accrued until she became aware that her injury was the result of negligence on the part of Mentor.

5

Interpretation of Texas' discovery rule is a question of law, and subject to *de novo* review. *Arthur v. King*, 500 F.3d 1335, 1339 (11th Cir. 2007) ("[W]e review the underlying decisions regarding questions of law *de novo* . . . .") (citing *Preferred Sites, LLC v. Troup Cty.*, 296 F.3d 1210, 1220 (11th Cir. 2002)); *United States v. Garrett*, 3 F.3d 390, 390 (11th Cir. 1993) ("Questions of law are reviewed *de novo*.").

"In most cases, a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all the resulting damages have yet to occur." *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). However, a judicially crafted exception—the discovery rule—applies in instances "when the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively unverifiable . . . ." *Id.* at 36 (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1994)) (internal quotation marks omitted). There is no dispute that the discovery rule applies in this case.

In interpreting the Texas discovery rule, federal courts have ruled inconsistently in deciding whether a plaintiff's claim accrues only when the plaintiff is placed on reasonable notice that the manufacturer of a product has acted negligently or whether instead accrual can occur earlier, when the plaintiff is merely placed on notice of a causal connection between use of the product and the

6

injury, regardless of any wrongdoing by the manufacturer. This present litigation is a prime example of that inconsistency. The district court here, which is presiding over multi-district product liability litigation concerning the ObTape, concluded that the statute of limitation begins running under Texas law as soon as a plaintiff is reasonably placed on notice that use of the product may have caused her injury. On the other hand, another district court, presiding over other multi-district product liability cases concerning a different manufacturer of a transvaginal surgical mesh sling, has adopted the approach advocated by Ms. Bergin. *See Hovey v. Cook Inc.*, 97 F. Supp. 3d 836, 844 (S.D.W. Va. 2015) (denying summary judgment and stating, "because none of [the plaintiff's] doctors identified a defect in the [mesh product] as the cause of her injuries, a jury could find that [the plaintiff] did not possess facts that would lead a reasonable person to further investigate into wrongdoing until 2013, when [she] saw an Internet advertisement."); *see also In re Ethicon, Inc.*, No. 2327, 2016 WL 3067752, at *3 (S.D.W. Va. May 31, 2016) (denying summary judgment where the plaintiff was unaware of a connection between the alleged wrongful act and her resulting injury).

As to the Fifth Circuit, which is the federal circuit in which Texas is located, that court has likewise issued inconsistent rulings. In *Timberlake v. A.H. Robins Co.*, 727 F.2d 1363 (5th Cir. 1984), the plaintiff sued the manufacturer of a Dalkon

7

Shield intrauterine device (IUD) that allegedly caused her injury, having developed symptoms in 1978, but not suing until 1981 when she saw a television program suggesting that the manufacturer may have been negligent in its manufacture and sale of the product.  Concluding that the plaintiff had failed to sue within the applicable Texas statute of limitations, the court rejected her argument that "the statutory period should be tolled until the plaintiff learns that the defendant's conduct may have been wrongful," holding that the discovery rule did not apply and that the statute of limitations began in 1978 when the plaintiff "knew of her injury and its cause."  *Id.* at 1365, 1366.  Stated more formally, in response to plaintiff's argument "that Texas law applies a three-pronged analysis with regard to the discovery rule, and that all three elements—injury, causation in fact, and legal injury—must coalesce before the statute of limitations begins to run," the court was  "not persuaded that this is an accurate statement of the applicable law." *Id.* at 1365.

Nevertheless, in that same year, the Fifth Circuit issued two other opinions that reached a different result on similar facts.  In *Woodruff v. A.H. Robins Co.,* 742 F.2d 228 (5th Cir. 1984), the plaintiff developed a severe pelvic infection following the insertion of an IUD, after which the IUD was removed in 1973 and the plaintiff underwent a hysterectomy.  She, however, did not file suit until 1981 when she read a newspaper article suggesting a possible causal connection between

8

the Dalkon Shield and her injuries.  The Fifth Circuit rejected the defendant's argument that her lawsuit was time-barred, relying on *Mann v. A.H. Robins Co.*, 741 F.2d 79, 81 (5th Cir. 1984), which held that a claim does not accrue under the Texas discovery rule until a plaintiff learns of her injury's negligent cause. The court in *Woodruff* concluded that the plaintiff's claim had not accrued until a newspaper article alerted her to the possible connection between the Dalkon Shield and her physical injuries.

As to Texas court decisions, Ms. Bergin relies greatly on the decision of the Texas Supreme Court in *Childs*, which explained accrual under the discovery rule as follows: "Under this rule . . . a cause of action does not accrue until a plaintiff knows or, through the exercise of reasonable care and diligence, '*should have known of the wrongful act* and resulting injury.' "  974 S.W. 2d at 37 (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)) (emphasis added).  Ms. Bergin argues that the above emphasized language in that case establishes that a claim cannot accrue under the discovery rule without some knowledge of the wrongful act.  As noted, the district court here concluded that this language is merely *dicta*.

The year after issuance of *Childs,* the Supreme Court of Texas issued a decision that arguably supports a less expansive reading than Ms. Bergin gives to *Childs.*  In 1997, the Texas Court of Appeals had noted that the trend in Texas was towards requiring awareness of a wrongful act:

9

Courts have employed several formulations to describe when a cause of action subject to the discovery rule accrues. Probably the most common formulation is the one noted by the appellee: the cause of action accrues when "the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury." *Id.* However, *Willis v. Maverick,* 760 S.W.2d 642, 646 (Tex. 1988), holds that a cause of action accrues when "the claimant discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action."

. . . .

In recent cases, the Texas Supreme Court has employed a new formulation: a cause of action accrues when a "plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *Diaz v. Westphal,* 941 S.W.2d 96, 99 (Tex. 1997); *S.V.*, 933 S.W.2d at 4. This new formulation makes it clear that a cause of action does not accrue merely because a plaintiff becomes aware of an injury. In fact, courts have consistently held that a cause of action does not accrue until a plaintiff becomes aware of the wrongful act causing the injury.

*Harrison Cty. Fin. Corp. v. KPMG Peat Marwick, LLP*, 948 S.W.2d 941, 945–46 (Tex. App. 1997), *rev'd sub nom. KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746 (Tex. 1999).

On review, however, the Texas Supreme Court disagreed with the lower court's articulation of the discovery rule:

[T]he court of appeals erroneously concluded that in recent decisions this Court employed a "new formulation" of the discovery rule. The court of appeals held that under this "new formulation," a claim does not accrue until plaintiff knows not only of the injury, but the

> specific nature of each wrongful act that may have caused the injury. This is incorrect. The rule in those cases was, as it is in this one, that accrual occurs when the plaintiff knew or should have known of the wrongfully caused injury.

*KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999).

One could read *KPMG* as holding that a plaintiff's awareness of a wrongful act (or lack thereof) is not necessary to trigger accrual of the claim. But *KPMG*'s language could also be read to imply that some knowledge of wrongful conduct is required before a claim can accrue; that is, while awareness of a *specific* design defect in a defendant's product is not required for accrual, some generalized awareness of the defendant's wrongdoing is. Moreover, *KPMG* was not a products liability case. Indeed, as noted by the district court in *Hovey,* "the Texas Supreme Court has yet to address the narrow issue of the discovery rule's applicability in the context of implanted medical devices." *Hovey,* 97 F. Supp. 3d at 842 n.3.

The cases decided post-*KPMG* shed minimal light on the matter. Some cases seem to support Mentor's position. *See, e.g.*, *Newsom v. Brod*, 89 S.W.3d 732, 736 (Tex. Ct. App. 2002) ("The plaintiff need not know the specific nature of each wrongful act that may have caused the injury.") (citing *KPMG*, 988 S.W.2d at 749); *Alvarado v. The Abijah Grp., Inc.*, No. 03-13-00060-CV, 2015 WL 4603542, at *3 (Tex. Ct. App. July 29, 2015) ("The discovery rule does not . . . toll

limitations until the plaintiff discovers all of the elements of a cause of action.")
(citing *KPMG*, 988 S.W.2d at 749); *Bruning v. Hollowell*, No. 05-13-01033-CV,
2015 WL 1291378, at *3 (Tex. Ct. App. Mar. 23, 2015) ("[E]ven if the discovery
rule applies, it defers accrual of the causes of action only until the plaintiff
discovered or in the exercise of reasonable diligence should have discovered the
wrongful injury.") (citing *KPMG*, 988 S.W.2d at 749).

On the other hand, some cases seem to support Ms. Bergin's position by
continuing to employ the "should have known of the wrongful act" language. *See,
e.g.*, *Holland v. Thompson*, 338 S.W.3d 586, 593 (Tex. Ct. App. 2010). And other
cases cite the language but then disregard or do not apply it. *See, e.g.*, *Rodriguez v.
Crowell*, 319 S.W.3d 751, 757 (Tex. Ct. App. 2009) (plaintiff's claim accrued
under discovery rule even though none of plaintiff's physicians initially connected
her medical condition to its negligent cause). Thus, the state of the law on this
issue remains unclear.

"When substantial doubt exists about the answer to a material state law
question, a federal court should avoid making unnecessary state law guesses
and . . . offer the state court the opportunity to explicate state law." *Salinas v.
Ramsey*, 858 F.3d 1360, 1362 (11th Cir. 2017) (quoting *Forgione v. Dennis Pirtle
Agency, Inc.*, 93 F.3d 758, 761 (11th Cir. 1996) (per curiam) (internal quotation
marks omitted)). "Only through certification can federal courts get definitive

12

answers to unsettled state law questions.  Only a state supreme court can provide what we can be assured are 'correct' answers to state law questions, because a state's highest court is the one true and final arbiter of state law."  *Forgione*, 93 F.3d at 761 (internal quotation marks omitted).

Because the resolution of this appeal, and potentially many other cases involved in pending multi-district actions, turns on a material, unsettled state-law question, we respectfully seek the assistance and guidance of the Texas Supreme Court in answering this question.

### III.  QUESTION TO BE CERTIFIED

Accordingly, the Eleventh Circuit respectfully certifies the following question of law to the Texas Supreme Court:

> In a product liability case, does Texas' discovery rule require a plaintiff to have some knowledge of possible wrongdoing on the part of the manufacturer—i.e., a causal connection between the injury and the manufacturer's conduct—before the plaintiff's claims can accrue?

To assist the Texas Supreme Court, the entire record in this case, together with copies of the briefs of the parties, is transmitted herewith.

**QUESTION CERTIFIED.**