United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-30992

JASON SMITH,

Plaintiff,

VERSUS

SEACOR MARINE LLC; SEACOR OFFSHORE LLC,

Defendants-Third Party Plaintiffs-Appellants,

VERSUS

AMEC-GREYSTAR LLC,

Third Party Defendant-Appellee,

Appeal from the United States District Court
For the Eastern District of Louisiana

Before HIGGINBOTHAM, DAVIS and BARKSDALE, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

This is an appeal from the district court's order dismissing the third party complaint of Seacor Marine LLC seeking contractual indemnity for sums it may owe to Jason Smith, who was injured in an oilfield accident which occurred on the Outer Continental Shelf off the coast of Louisiana. Because the contract under which the appellant seeks indemnity is a non-maritime contract, Louisiana law

applies and the district court correctly held that the Louisiana Oilfield Indemnity Act precludes appellant's recovery. We therefore AFFIRM.

I.

At the time the accident occurred giving rise to this litigation, BP America Production Company (BP) was engaged in drilling an oil well on the Outer Continental Shelf (OCS) off the coast of Louisiana. BP engaged a number of contractors to assist in this endeavor. It contracted with SEACOR Marine, LLC and SEACOR Offshore, LLC (Seacor) for vessel transportation. BP entered into a separate contract with AMEC-Greystar LLC (Greystar) to provide labor services on its platform.

Jason Smith, an employee of Greystar, filed this admiralty action alleging that he sustained personal injuries during a personnel basket transfer from Seacor's vessel to BP's platform. Smith received Longshore and Harbor Worker's Compensation Act (LHWCA) benefits from Greystar and also filed a damage action against Seacor for alleged vessel negligence under 33 U.S.C. § 905(b). Smith did not sue BP or Greystar. Seacor then filed a third party complaint against Greystar seeking indemnity for any sums it might be required to pay Smith. The indemnity request is based on Greystar's contract with BP, in which Greystar agreed to indemnify BP's contractors (along with BP), for liability visited on them as a result of injury to Greystar employees.

The indemnity provisions in both the BP/Seacor and the

2

BP/Greystar contracts are identical.[1]  In its contract with BP, Seacor agrees that it will indemnify BP and BP's contractors for any liability resulting from injuries to Seacor employees. Similarly, Greystar, in its contract with BP, agrees that it will indemnify BP and BP's contractors for any liability resulting from injuries to Greystar's employees.

The district court accepted Greystar's argument that the BP/Greystar contract was a non-maritime contract, governed by Louisiana law, and therefore the indemnity provisions were unenforceable under the Louisiana Oilfield Indemnity Act, (LOIA). The district court entered a Rule 54(b) judgment dismissing Seacor's complaint and Seacor lodged this appeal.

II.

---

[1]<u>Cross Indemnity Provision</u>

In accordance with the provisions of this Article 14, Contractor agrees to defend, indemnify, release, and hold Company's other contractors, with the exception of helicopter transportation contractor(s), harmless **(to the extent such other contractors execute cross indemnification provisions substantially similar to those contained in this Section 14.04)** from and against all Claims, Losses, and Expenses, including without limitation those occurring during ingress, egress, loading or unloading, or during transportation to or from the Asset, irrespective of insurance coverages for the following:

14.04.01 (I)  all injuries to, deaths, or illnesses of persons in Contractor Group; and

(ii) all damages to or losses of Contractor's Equipment . . .

3

Seacor agrees that Greystar's contract with BP to furnish labor services to work aboard BP's platform on the Outer Continental Shelf is a non-maritime contract governed by Louisiana law. This contract creates Greystar's indemnity obligation to Seacor since the Greystar/BP contract requires Greystar to indemnify Seacor as a BP contractor. Seacor also agrees that if Smith had sued BP instead of Seacor and BP had sought indemnity from Greystar under this same contract, the Louisiana Oilfield Indemnity Act would preclude BP's indemnity claim. Seacor argues it is nevertheless entitled to enforce the indemnity provision in the BP/Greystar contract because Smith's suit against it under 33 U.S.C. § 905(b) triggers the application of § 905(c) and Louisiana law does not apply.

Section 905(b) permits a person such as Smith covered under the LHWCA to bring an action for damages against a vessel for vessel negligence. Section 905(b) also provides that the employer of such injured person "shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void."

Under limited circumstances, § 905(c) removes § 905(b)'s declaration of the non-liability of the injured employee's employer to reimburse the shipowner for sums the shipowner is required to pay the employee. It provides

> Nothing contained in subsection (b) of this section shall preclude the enforcement according to its terms of any

4

reciprocal indemnity provision whereby the employer of a person entitled to receive benefits under this Act by virtue of section 4 of the Outer Continental Shelf Lands Act (43 USC 1333) and the vessel agreed to defend and indemnify the other for cost of defense and loss or liability for damages arising out of or resulting from death or bodily injury to their employees.

33 U.S.C.S. § 905(c). Thus, § 905(b) bars vessel owners from obtaining indemnity from an LHWCA employer whether based on implied warranty or express contract. Section 905(c) then partially restores the vessel owner's right to seek indemnity from the LHWCA employer for injuries occurring on the OCS when the vessel's claim is based on reciprocal indemnity provisions in its contract with the employer.

Our decision in Wagner v. McDermott, 79 F.3d 20 (5th Cir. 1996), controls the outcome in this appeal. In Wagner, McDermott contracted with Capital to perform welding work in the construction of a platform. McDermott also furnished a vessel for use in the platform construction. Wagner, an employee of Capital, was injured on McDermott's vessel allegedly due to vessel negligence and sued McDermott under § 905(b). McDermott's contract with Capital contained a reciprocal indemnity agreement where each agreed to indemnify the other for injuries to their own employees and McDermott sought indemnity from Capital based on that reciprocal indemnity agreement. We concluded that because McDermott engaged Capital to perform welding work on the platform, McDermott contracted with Capital in its capacity as platform owner and not as vessel owner.

To trigger § 905(c), we held that the indemnity agreement must be between "the employer . . . and the vessel."  We stated:

> Here, McDermott entered into a contract for welders to work on a fixed platform it was constructing.  McDermott was not acting in its capacity as vessel owner but only as a contractor who incidentally utilized a vessel to accomplish its work.  The fact that McDermott happens to own the vessel does not place the contract within § 905(c).  McDermott argues that because Plaintiff asserted a § 905(b) claim, § 905(c) must govern the contract dispute.  While § 905(b) liability is a requisite for § 905(c) applicability, the contract must be of the type covered by § 905(c).  It must be with a vessel.  The McDermott-Capital/Landry contract is not.

79 F.3d at 22, 23.  Because the accident occurred off the coast of Louisiana, we concluded that the indemnity provisions of the McDermott/Capital contract were governed by state law and therefore barred by the Louisiana Oilfield Indemnity Act.

Similarly, BP contracted with Greystar to provide labor services on BP's platform under a non-maritime contract governed by Louisiana law.  As we held in Wagner, an action against the vessel owner under § 905(b) does not trigger the application of § 905(c).  Rather, the non-maritime nature of the contract under which the vessel seeks indemnity requires application of state law.  Because Louisiana law, including the LOIA applies to the BP/Greystar contract, the court correctly dismissed Seacor's third party demand.

AFFIRMED.