# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30923
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2016

Lyle W. Cayce
Clerk

JAMES HEFREN,

    Plaintiff

v.

MURPHY EXPLORATION & PRODUCTION COMPANY, USA,

    Defendant - Appellant

v.

MCDERMOTT, INC.,

    Defendant - Appellee

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CV-1899

_____

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30923

Defendant–Appellant Murphy Exploration & Production Company, USA, and Defendant–Appellee McDermott, Inc., were sued by James Hefren for personal injuries Hefren allegedly suffered while employed as a lead operator for Murphy on the Front Runner Spar—an offshore drilling platform designed and constructed by McDermott. Following the dismissal of Hefren's claims against McDermott, McDermott moved for summary judgment against Murphy, seeking contractual indemnification from Murphy for its defense of Hefren's suit. The district court granted McDermott's motion and later awarded McDermott attorney's fees and costs for its defense of Hefren's suit. Murphy now appeals. For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a suit filed by James Hefren against Defendant–Appellant Murphy Exploration & Production Company, USA (Murphy), and Defendant–Appellee McDermott, Inc. (McDermott), relating to a contract entered into between Murphy and McDermott. On March 15, 2002, Murphy contracted with McDermott to have McDermott design and construct the Front Runner Spar, an offshore facility to be used by Murphy for the removal and processing of petroleum from the seabed of the Gulf of Mexico. Among other contractual provisions, Murphy and McDermott agreed to an indemnification provision that stated:

> OWNER [Murphy] agrees to indemnify, defend and save harmless CONTRACTOR [McDermott] et al., and their officers, directors, employees and subcontractors from and against any and all claims, losses and expenses (including without limitation all costs, demands, damages, suits, judgments, fines, penalties, liabilities, attorney's fees, and causes of action of whatsoever nature or character, whether known or unknown, and including without limitation claims, losses and expenses for property damage, bodily injury, illness, disease, death, pollution or loss of services, wages, consortium or society) in any way, directly or indirectly, arising out

2

No. 15-30923

of, or related to, the performance or subject matter of this AGREEMENT or the ingress, egress, or presence on any premises (whether land, building, vehicle, platform, aircraft, vessel or otherwise) owned, operated, chartered, leased, used, controlled or hired by [Murphy] or [McDermott], and which are asserted by or arise in favor of [Murphy] et al (and/or any of their spouses, relatives, dependents, or estates), and expressly including any claims, losses or expenses actually or allegedly caused by the sole, concurrent or partial negligence (of whatever nature or character), fault or strict liability of [McDermott] or any other person or the unseaworthiness, unairworthiness or defective condition of vessels, craft or premises, whether or not preceding the execution of this AGREEMENT.

In May 2004, McDermott delivered the Front Runner Spar, and it was affixed to the seafloor at the outer continental shelf adjacent to the State of Louisiana, where it has remained since as a platform facility used for crew quarters, drilling, and production.

On June 4, 2012, one of Murphy's former employees, Hefren, filed suit against Murphy and the improperly named J. Ray McDermott Gulf Contractors (rather than McDermott, Inc.) in the 16th Judicial District Court for the Parish of St. Mary Louisiana. Hefren alleged that, on or about June 6, 2011, he was injured when a flange of a valve on the Front Runner Spar struck him in the face and that both Murphy and McDermott failed to provide for his safety. Murphy removed the matter to the United States District Court for the Western District of Louisiana, asserting diversity jurisdiction under 28 U.S.C. § 1332 and jurisdiction under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1349(b). Murphy thereafter moved for summary judgment on Hefren's claims against it, and the district court dismissed Hefren's tort claims against Murphy on May 2, 2012, concluding that the claims were barred by the exclusive remedy provisions of the Longshore & Harbor Workers' Compensation Act (LHWCA).

No. 15-30923

Hefren supplemented and amended his original complaint, substituting McDermott as defendant on February 26, 2013. In its answer to the amended complaint, McDermott filed cross-claims against Murphy, asserting that McDermott was entitled to indemnification from Murphy for all attorney's fees and costs for its defense of Hefren's suit by virtue of the 2002 contract between the parties. McDermott thereafter moved for summary judgment, arguing that Hefren's claims against it were barred by a Louisiana statute of peremption that extinguished claims regarding deficiencies in the design or construction of immovable property brought five years after the property was accepted by the owner. The district court granted McDermott's motion for summary judgment and dismissed Hefren's claims against McDermott with prejudice on April 9, 2014.

Following the dismissal of Hefren's claims against it, McDermott moved for partial summary judgment against Murphy on May 22, 2014, seeking indemnification for the costs, expenses, and attorney's fees it incurred in defending itself from Hefren's suit. McDermott argued that, because Hefren's claims had been dismissed with prejudice, the suit had been decided in its favor and it was entitled to indemnification under the terms of the 2002 contract's indemnification provision.[1] In response, Murphy argued that McDermott could not be indemnified because the district court had not specifically established that McDermott was free from negligence or fault in Hefren's accident as required by the Louisiana Oilfield Indemnity Act (LOIA). The district court granted McDermott's motion for partial summary judgment on July 16, 2014. The court concluded, based on a prior Fifth Circuit case, that

---

[1] The district court had previously held on February 20, 2014, in response to a partial motion for summary judgment by Murphy, that McDermott could not be indemnified to the extent that McDermott requested indemnification from its own actual negligence or fault in causing any injuries. However, the district court declined to rule on any claims for indemnity based on McDermott's defense of the negligence claims against it.

even when a court failed to decide a party's negligence, the existence of a legal bar to recovery against that party still allowed said party to be indemnified regardless of the LOIA.  Because the statute of peremption was one such legal bar against recovery, the district court held that the LOIA did not nullify the indemnification provision and that McDermott was entitled to recover its costs, expenses, and attorney's fees.

Pursuant to a magistrate judge's order, McDermott filed an affidavit on September 2, 2014, seeking recovery of $107,336.50 in attorney's fees and $45,077.85 in costs and expenses incurred in the defense of Hefren's claims. Reviewing the affidavit and invoices submitted by McDermott, the magistrate judge recommended awarding McDermott's counsel, Jones Walker LLP, $95,504.85 in attorney's fees and $45,077.85 in costs and expenses in a Report and Recommendation issued on January 20, 2015.  In calculating the attorney's fees, the magistrate judge used the lodestar multiplying the total of 380.35 hours expended for work on the case by the recommended per hour fee rates charged by the Jones Walker attorneys.  Although the magistrate judge noted that Murphy had argued for a lower per hour compensation than the recommended per hour fee rates—based on market rates in the Western District of Louisiana—the magistrate judge found that he could set rates at the high end of the range of the prevailing market rates given the facts of the case and that Murphy's counsel had charged higher hourly rates than McDermott's counsel.[2]

The district court adopted the Report and Recommendation on August 27, 2015, over Murphy's objections.  While Murphy objected to the total hours calculated on the grounds that McDermott expended more hours when it

---

[2] The magistrate judge found, in reviewing Jones Walker's bills, that there had been duplicative and excess billing for McDermott's defense and reduced the fees by 10%.

delayed filing its peremption motion and undertook a needless defense of Hefren's claims on the merits, the district court found that neither action by McDermott was unreasonable given the novelty of the peremption defense and the potential exposure of McDermott if it failed to develop a negligence defense. And while Murphy argued that the magistrate judge had used hourly rates from the wrong market[3] to calculate the lodestar, the district court stated that the magistrate judge had actually lowered the amounts requested by McDermott and that these amounts were justified under the facts of the case. Thereafter, the district court entered final judgment in the case on October 13, 2015. Murphy timely appealed the judgment on October 16, 2015.

## II. STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, "[a] mere scintilla of evidence will not preclude granting of a motion for summary judgment." *Schaefer v. Gulf Coast Reg'l Blood Ctr.*, 10 F.3d 327, 330 (5th Cir. 1994) (per curiam). "We construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (quoting *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)). By contrast, "this court reviews a district court's attorneys'

---

[3] Murphy argued that the magistrate judge had applied rates charged by McDermott's counsel in New Orleans, Louisiana, rather than the relevant market of Lafayette, Louisiana.

fee awards for abuse of discretion." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008). "To constitute an abuse of discretion, the district court's decision must be either premised on an erroneous application of the law, or on an assessment of the evidence that is clearly erroneous." *Id.* (quoting *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000)).

### III. McDERMOTT'S ENTITLEMENT TO INDEMNIFICATION

On appeal, Murphy argues, as it did below, that McDermott cannot recover under the indemnity provision of the 2002 contract. Specifically, Murphy contends that the LOIA acts as a bar to recovery because the district court never determined whether McDermott was negligent or at fault with respect to Hefren's claims.[4] The relevant provision of the LOIA states:

> B. Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee.

La. Stat. Ann. § 9:2780. While this provision, on its face, voids indemnification agreements in oil and gas contracts where there has been negligence or fault,

---

[4] Murphy also argues that, in the event that this court finds in a separate appeal that McDermott was not entitled to summary judgment on Hefren's claims, it should reverse the district court's award of attorney's fees and costs. However, for the reasons expressed in our decision in that separate appeal, we find that the district court did not err in granting summary judgment to McDermott or in dismissing Hefren's claims. *See Hefren v. McDermott*, No. 15-30980 (5th Cir. filed Oct. 30, 2015). As the issue on appeal here involves an indemnity provision of a contract, we look to the operative state law, which is Louisiana law. *See, e.g.*, *Smith v. Seacor Marine LLC*, 495 F.3d 182, 185 (5th Cir. 2007) (examining whether the LOIA required indemnification with respect to an accident that occurred off the coast of Louisiana).

the Supreme Court of Louisiana—in response to a certified question from this court—has stated:

> After trial on the merits, if the indemnitee is found free from fault, the [LOIA] does not prohibit the indemnitee from recovering its cost of defense. Whether the injury is found to have resulted in whole or in part from the fault of the indemnitor does not affect the indemnitee's right to recover its cost of defense provided it is free from fault.

*Meloy v. Conoco, Inc.*, 817 F.2d 275, 280 (5th Cir. 1987) (mem.). Interpreting *Meloy* in a subsequent case, we held that a court's failure to reach the issue of negligence or fault did not, however, prevent an indemnitee from recovering indemnity where there was a legal bar to reaching the issue of fault. *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1248 (5th Cir. 1988). In *Melancon*, we found that a party was entitled to indemnity, despite the LOIA, where the district court had not made a finding of negligence but where the suit itself was dismissed as barred under the LHWCA. *Id.* at 1247–48. Because of this bar to reaching the issue of negligence, we found that the indemnitee "[wa]s entitled to indemnity from [the indemnitor] for the costs of its defense [of a suit for negligence]." *Id.* at 1248.

We find the facts and holding from *Melancon* to be analogous to the instant case. Although the district court never determined whether McDermott was free from fault, the statute of peremption acted as a legal bar to the consideration of negligence because "[p]eremption is a period of time fixed by law for the existence of a right," and "[u]nless timely exercised, the right is extinguished upon the expiration of the peremptive period." La. Civ. Code Ann. art. 3458. Therefore, as with the legal bar of the LHWCA in *Melancon*, the district court could never have reached the issue of negligence here. As a result, the district court's failure to find McDermott free from fault does not bar McDermott's right to indemnity under the LOIA.

Although Murphy cites our decisions in *Tanksley v. Gulf Oil Corp.*, 848 F.2d 515 (5th Cir. 1988), and *American Home Assurance Co. v. Chevron, USA, Inc.*, 400 F.3d 265 (5th Cir. 2005), as requiring McDermott to establish its freedom from negligence in order to receive indemnity, those decisions are inapposite. Neither decision involved a legal bar to recovery as with the instant case. Moreover, in *Tanskley*—where the court nullified an indemnity provision under the LOIA after settlement of a negligence claim—the court expressly recognized that its holding differed from *Melancon* because of "the legal availability of a determination of the negligence or fault of the indemnitee." *Tanksley*, 848 F.2d at 517.

## IV. ATTORNEY'S FEES AND COSTS AWARD

We have previously observed that a "district court has broad discretion to award attorney's fees, and an appellate court has only a limited opportunity to 'appreciate the complexity of trying any given case and the level of professional skill needed to prosecute it.'" *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 482 (5th Cir. 2006) (quoting *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000)). We also note that Murphy raises the same objections to the attorney's fees award here that it did in the district court. In particular, Murphy argues that the district court erred by taking into account time and costs incurred by McDermott on a negligence defense on which it did not ultimately prevail and by setting hourly rates for McDermott's counsel that were on the higher end of the hourly rates charged in the Lafayette legal market. The errors asserted by Murphy all concern the reasonableness of the hours and rates determined by the court, and "we review the district court's determination of reasonable hours and reasonable rates for clear error." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

On clear error review we cannot "reverse the finding of the trier of fact simply because [we are] convinced that [we] would have decided the case

differently." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though convinced that had [we] been sitting as the trier of the fact, [we] would have weighed the evidence differently." *Id.* at 573–74. Instead, we may reverse the district court only when "on the entire evidence [we are] left with a definite and firm conviction that a mistake has been committed." *Id.* at 573 (quoting *United States v. U. S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Here, we cannot conclude that the magistrate judge and the district court clearly erred in calculating the total number of hours or in setting the hourly rate charged by McDermott's counsel. The district court weighed the evidence presented by Murphy but found that the hours spent by McDermott's counsel on its negligence defense were reasonable, as McDermott could have been exposed had it not prevailed on a peremption defense. And it found that the hourly rates set by the magistrate judge were not excessive given the rates charged by Murphy's own counsel and given previous fee awards in the Western District of Louisiana. Therefore, the district court did not abuse its discretion when it calculated McDermott's attorney's fees and costs.

## V. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

10