**In re John and Lena ADU–KOFI, Debtors.**

**Bankruptcy No. 8800363.**

United States Bankruptcy Court, D. Rhode Island.

Dec. 8, 1988.

Douglas H. Smith, Providence, R.I., for debtors.

Michael A. DeSisto, Rossi, Kelaghan & De Sisto, Providence, R.I., for Colonial Sav. & Loan Ass'n.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The issue before the Court was raised at a pretrial conference held on October 13, 1988. The controversy involves the enforceability of the prepayment provision contained in the debtors' promissory note with Colonial Bank. After hearing the respective positions of the parties, counsel were requested to submit memoranda on the limited issue of whether Colonial's decision to accelerate, once made, was irrevocable. Thereafter, during a hearing held on November 23, 1988, the parties argued the acceleration question and also responded to our inquiry regarding the issue of detrimental reliance.

As a threshold matter, we address the question whether Colonial's election to accelerate is irrevocable.[1] Interestingly, both sides rely on *In re LHD Realty Corp.,* 726 F.2d 327 (7th Cir.1984) to support their position. The debtors argue that when Colonial began foreclosure proceedings and then, after bankruptcy, sought relief from the automatic stay, it became bound by its

---

1. The parties agree that the filing of a motion for relief from stay is an act accelerating the loan.

election to accelerate.[2] Colonial, acknowledging that *LHD Realty, supra,* held that a prepayment penalty is unenforceable where a mortgagee accelerates the mortgage debt, contends that the facts in the instant proceeding are distinguishable, because here Colonial revoked its acceleration.

We agree that the facts in this matter are distinguishable from those in *LHD Realty, supra.* The sequence of relevant events is as follows: (1) debtors filed their joint petition on May 22, 1988, (2) Colonial filed a motion for relief from stay on August 18, 1988; (3) the debtors objected to said motion on August 19, 1988; (4) Colonial withdrew its motion on October 7, 1988; and (5) the debtors filed an Application to Compromise on October 31, 1988. In *LHD Realty, supra,* (1) the creditor (National) filed a motion for relief from stay on August 26, 1981; (2) LHD filed an application to employ a realtor to list the subject property on September 10, 1981; (3) LHD requested permission to sell the building on December 8, 1981; (4) a preliminary hearing was held on December 15, 1981 on National's request for relief from stay; (5) National filed a response to LHD's motion to sell the building on December 23, 1981 (asking for payment in full or a lien on the proceeds); (6) on January 15, 1982, the bankruptcy court issued its decision permitting LHD to sell the building; and (7) on January 18, 1982, a subsequent hearing was held on National's request for relief from stay (decision never rendered). Hence, in *LHD Realty, supra,* the mortgagee never attempted to revoke its acceleration, but rather, pursued its position to the bitter end, keeping constant pressure on the debtor to either sell the building or allow National to foreclose.

Although in *LHD Realty, supra,* the question of the revocability of the election to accelerate was never put in issue, the court did address the question in a footnote:[3] "[e]ven after acceleration, a lender may be able to regain its right to a premium by revoking its acceleration and reinstating the mortgage prior to *detrimental reliance* by the borrower on the acceleration." *Id.* at 331 n. 4 (citing *Berenato v. Bell Savings & Loan Ass'n,* 276 Pa.Super. 599, 419 A.2d 620, 622 (1980)) (emphasis added); *see also Matter of LaPaglia,* 8 B.R. 937, 943 (Bankr.E.D.N.Y 1981) ("As a matter of fact *if* the mortgagor or a guarantor of the mortgage has changed position, based upon the acceleration, the mortgagee cannot revoke it.") (Emphasis added.). We agree with and adopt this standard of detrimental reliance as a basis for determining whether a mortgagee can revoke its election to accelerate, and thereby revive its right to the prepayment penalty.

■ Therefore, the dispositive factual issue here is whether the debtors relied to their detriment between August 18, 1988 and October 7, 1988, when Colonial, by seeking relief from the automatic stay, was accelerating the mortgage debt.[4] We find that the debtors have not established that during the time in question, they in any way changed their position, such as by obtaining other financing to pay off the mortgage, or by obligating themselves to sell the property. While the debtors do argue that they now have a buyer for the property (the second mortgagee) who is willing to release "all claims" against the estate, and therefore benefit the estate, they have not shown that they obtained this buyer during the critical period August 18 to October 7, 1988. Any action taken by the debtors after Colonial had withdrawn its election to accelerate (which it then had

2. Specifically, the debtors rely narrowly on the language in *LHD Realty, supra,* that "National fired the first shot and is bound thereby." 726 F.2d at 333. This is an oversimplification, taken out of context.

3. When questioned by the Court as to whether detrimental reliance by the debtors effects the mortgagee's right to revoke its acceleration, debtors' counsel argued, erroneously, we think,

that *LHD Realty, supra,* did not impose such a detrimental reliance requirement.

4. Any reliance by the debtors *after* October 7, 1988, such as the Application to Compromise which was filed on October 31, 1988, was with the knowledge that Colonial had revoked its acceleration and therefore could not be considered "reasonable" reliance.

the right to do) may not inure to their benefit, vis-a-vis the prepayment penalty. Based on the foregoing, we find that Colonial effectively revoked its acceleration prior to any detrimental reliance by the debtors, and that as a result, the debtors again became obligated under the original terms of the note, which calls for a prepayment penalty.

A judgment in accordance with the terms of this Decision should be presented within 10 days.