# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51116
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2016

Lyle W. Cayce
Clerk

BITTERROOT HOLDINGS, L.L.C.,

Plaintiff - Appellant

v.

MTGLQ INVESTORS, L.P.,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-862

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Bitterroot Holdings, L.L.C., filed suit in state court against Defendant–Appellee MTGLQ Investors, L.P., seeking declaratory and injunctive relief to prevent MTGLQ from foreclosing upon a property in San Antonio, Texas. Following removal to federal court, both parties filed motions for summary judgment, with Bitterroot arguing that any foreclosure action by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51116

MTGLQ was time barred under Texas law and MTGLQ arguing that its foreclosure action was timely and that it held title to the property in question. The district court denied Bitterroot's motion for summary judgment but granted MTGLQ's motion. Bitterroot now appeals. For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant appeal arises from a dispute over the parties' right to title and their security interests in a property in San Antonio, Texas. On November 12, 2005, John Harvey executed a Texas Home Equity Note (Note) in the amount of $94,320.00 payable to American Equity Mortgage, Inc., (AME) and executed a Texas Home Equity Security Instrument (Deed of Trust) granting AME a security interest in a property located in San Antonio as part of the loan made to Harvey. The Note included an acceleration clause whereby the holder of the Note could require immediate payment of the principal of the Note and all interest on the Note in the event that Harvey defaulted on payments required by the Note and Deed of Trust. Under the Deed of Trust, the noteholder could foreclose on the property in the event of default by Harvey pursuant to the holder's security interest in the property. Thereafter, a nominee for AME assigned the Note and the Deed of Trust to Citimortgage, Inc. (Citimortgage).

On October 26, 2007, Citimortgage informed Harvey that he was in default on his loan and needed to pay $1,976.38 in order to cure the default. Citimortgage then sent another Notice of Default on November 3, 2008, informing Harvey that failure to cure the default would result in acceleration of the loan. Finally, on February 20, 2009, Citimortgage sent Harvey a Notice of Acceleration informing him that Citimortgage had elected to accelerate the maturity of the debt. Citimortgage subsequently filed an application for foreclosure of the property guaranteed as a security interest under the Deed of

Trust but later successfully moved to have this application dismissed in late 2009. Another application for foreclosure of the property was filed in August 2010, but the application was similarly dismissed in 2011. On November 4, 2010, Citimortgage assigned the Note and Deed of Trust to Defendant–Appellee MTGLQ Investors, L.P. (MTGLQ).

In a matter unrelated to MTGLQ's security interest, the property was sold in 2011 to DTND Sierra Investments, LLC (DTND), at a homeowner's association foreclosure sale resulting from Harvey's failure to pay the homeowner's association assessments and dues. DTND later assigned its interest in the property to Plaintiff–Appellant Bitterroot Holdings, LLC (Bitterroot). Following the sale, MTGLQ's counsel sent another Notice of Default and Notice of Acceleration to Harvey stating that MTGLQ had decided to accelerate the maturity of Harvey's debt. MTGLQ then filed its own application for foreclosure of the property in the 166th Judicial District Court of Bexar County, Texas, on June 24, 2013. And on November 8, 2013, that court ruled that MTGLQ could proceed with a foreclosure sale of the property based on its rights under the Note and the Deed of Trust.

Seeking to enjoin the foreclosure sale, Bitterroot filed the instant action in the 73rd Judicial District Court of Bexar County on August 1, 2014. MTGLQ then removed the action to the United States District Court for the Western District of Texas on October 2, 2014, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Bitterroot subsequently filed an amended complaint in federal court against MTGLQ, seeking to have the court enjoin MTGLQ's foreclosure sale. In particular, Bitterroot brought a trespass to try title action against MTGLQ, asserting that it had title to the property. Bitterroot also asserted that MTGLQ violated the Texas Deceptive Trade Practices Act (DTPA), alleging that MTGLQ had misrepresented facts in its state foreclosure action.

No. 15-51116

Both parties moved for summary judgment on July 6, 2015. In its motion for summary judgment against Bitterroot, MTGLQ asserted its right to foreclose and that it had superior title to Bitterroot. MTGLQ also argued that its foreclosure action was timely filed within the relevant limitations period because it brought the action within four years of accelerating the loan in 2012 and that any previous acceleration attempts were immaterial to the limitations period because they were abandoned. MTGLQ attached a number of exhibits to its motion, including the affidavit of a senior loan analyst, Howard R. Handville, who recounted the history of the Note and the Deed of Trust leading up to Bitterroot's suit. Bitterroot, for its part, moved for partial summary judgment against MTGLQ. In its motion, Bitterroot argued that MTGLQ was barred from bringing the foreclosure action. Bitterroot claimed that the four-year limitation period to bring a foreclosure action had run because there had been an acceleration of the Note in 2008, and Citimortgage and MTGLQ had failed to abandon the acceleration. In the alternative, Bitterroot argued that Harvey had relied upon the 2008 acceleration notice and that his reliance precluded Citimortgage or MTGLQ from abandoning the acceleration. Bitterroot later filed its opposition to MTGLQ's motion for summary judgment, contending that the Handville affidavit could not be considered by the court because Handville had not been identified as a witness in MTGLQ's Rule 26 disclosures.

On October 23, 2015, the district court entered final judgment denying Bitterroot's motion for partial summary judgment and granting MTGLQ's motion for summary judgment. With respect to the Handville affidavit, the district court concluded that the failure to disclose Handville as a witness was harmless, as Bitterroot had previously been aware of the Handville affidavit and the failure to disclose had been inadvertent. As to the merits, the district court held that Bitterroot failed to establish a genuine dispute of fact that its

4

title to the property was superior to that of MTGLQ on its trespass to try title claim.  Moreover, the court held that the right to foreclose was not barred by the applicable statute of limitations.  Responding to Bitterroot's reliance argument, the district court held that it was less than clear that the Supreme Court of Texas would recognize a detrimental reliance exception to abandonment of acceleration of a loan.  But the court also held—assuming that there was a detrimental reliance exception—that Bitterroot failed to show that Harvey detrimentally relied on the previous accelerations.  In particular, the court noted that Harvey remained in debt both before and after the notices of acceleration and that Bitterroot failed to show other evidence of detrimental reliance.[1]  Bitterroot timely appealed the district court's judgment on November 23, 2015, contending that the district court erred in granting summary judgment and by not excluding the Handville affidavit.

## II. STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, applying the same standard as the district court.  *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  However, "[a] mere scintilla of evidence will not preclude granting of a motion for summary judgment."  *Schaefer v. Gulf Coast Reg'l Blood Ctr.*, 10 F.3d 327, 330 (5th Cir. 1994) (per curiam).  "We construe all facts and inferences in the light most favorable to the nonmoving party

---

[1] The district court also granted summary judgment to MTGLQ on Bitterroot's DTPA claims.  These claims are not before us on appeal.

No. 15-51116

when reviewing grants of motions for summary judgment." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (quoting *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)). With respect to Bitterroot's objection to the Handville affidavit, "[w]e review for abuse of discretion a decision not to exclude documents under [Federal Rule of Civil Procedure] 37." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

## III. STATUTE OF LIMITATIONS

On appeal, Bitterroot primarily argues that the district court erred because MTGLQ's right to foreclose was barred by the statute of limitations.[2] Texas law provides that "[a] sale of a real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.035(b). The relevant Texas statute then adds that "[o]n the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. Code Ann. § 16.035(d). However, "[i]f a note or deed of trust secured by real property contains an optional acceleration clause, default does not ipso facto start limitations running on the note." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "Rather, the action accrues only when the holder actually exercises its option to accelerate." *Id.* And "[e]ven when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Id.* at 566–67. Consequently, when a noteholder abandons acceleration, the limitations period on foreclosure actions generally restarts. *Id.*

---

[2] Bitterroot does not challenge the district court's holding that Bitterroot failed to establish a genuine dispute of material fact as to whether its title to the property was superior to that of MTGLQ.

No. 15-51116

The district court found that, while Citimortgage had previously twice accelerated the Note upon default in 2008 and 2010, both notices of acceleration had been abandoned when Citimortgage dismissed its foreclosure actions in state court. As a result, the limitations period on MTGLQ's foreclosure action began when it accelerated the Note in 2012, and its action was filed within the four-year limitations period. Bitterroot does not contest the district court's holding with respect to abandonment but argues instead that abandonment could not have reset the limitations period because Harvey had detrimentally relied on the initial acceleration by Citimortgage. According to Bitterroot, the district court erred when it concluded that there was no detrimental reliance exception to abandonment of acceleration under Texas law.

However, we need not determine whether or not the district court erred in this respect because it correctly found that, assuming that there was a detrimental reliance exception to abandonment, Harvey failed to show detrimental reliance. *See Bramblett v. Comm'r*, 960 F.2d 526, 530 (5th Cir. 1992) ("This court can affirm a lower court's decision if there are any grounds in the record to support the judgment."); *cf. Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015) ("As an initial matter, Texas' intermediate appellate courts are in agreement that the holder of a note may unilaterally abandon acceleration after its exercise, so long[] as the borrower neither objects to abandonment nor has detrimentally relied on the acceleration."). In order to show detrimental reliance under Texas law, a party "must show that he materially changed his position in reliance" on another party's promise or representation. *Sandel v. ATP Oil & Gas Corp.*, 243 S.W.3d 749, 753 (Tex. App.—Houston [14th Dist.] 2007, no pet.). In support of its detrimental reliance argument, Bitterroot alleged—through Harvey's own affidavit—that, as a result of the original acceleration, Harvey decided not to pay off debt he

7

owed to a homeowner's association, decided not to get loan modification assistance, and moved out of his home.

As the district court correctly concluded, the evidence adduced by Bitterroot was insufficient to show a dispute of material fact that Harvey relied on the Citimortgage acceleration to his detriment.[3]  Harvey's decision not to pay off a debt following the original acceleration was not a material change in his position because he was in debt before and after the acceleration.  Harvey's failure to obtain loan modification assistance similarly was not a material change because Harvey admitted that he did not know about loan modification programs prior to the acceleration.  And while Harvey alleged that he moved out of his house as a result of the acceleration, the district court correctly recognized that Harvey's affidavit failed to show any particular legal or financial consequences incurred as a result of this decision.  We therefore conclude that the district court did not err when it held that there was no evidence of detrimental reliance and that the statute of limitations did not preclude MTGLQ's foreclosure suit.

## IV. BITTERROOT'S OBJECTION TO THE HANDVILLE AFFIDAVIT

Separately, Bitterroot argues that the district court should not have allowed MTGLQ to introduce the Handville Affidavit as evidence because MTGLQ failed to include Handville as a witness in its Rule 26 initial disclosures.  A party is generally "not allowed to use . . . information or [a] witness to supply evidence on a motion, at a hearing, or at a trial" where that party "fails to provide information or identify a witness [in its initial disclosures] as required by Rule 26(a) or (e)."  Fed. R. Civ. P. 37(c)(1).  However,

---

[3] The district court also found that there was no evidence that Harvey had objected to Citimortgage's motions to dismiss its original foreclosure applications.  *See Manes v. Bletsch*, 239 S.W. 307, 308 (Tex. Civ. App.—Austin 1922, no writ) ("[W]here the payer is not objecting to the recall of such option, we can see no reason why the payee could not revoke the same as well as not to have exercised it in the beginning.").

Rule 37 provides that this failure to disclose may be excused and evidence may be introduced where the failure "was substantially justified or is harmless." *Id.* Accordingly, where a district court allows non-disclosed evidence to be used, we look to four factors in determining whether the district court was within its discretion in permitting the introduction of the evidence: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found.*, 338 F.3d at 402.

The district court did not abuse its discretion in permitting the Handville affidavit to be introduced. As the district court recognized, the affidavit was important to the case, as it authenticated many of the claims at issue in the case and traced the history of the Note and the Deed of Trust. There was also no surprise in introducing the affidavit because, while the affidavit had not been included in MTGLQ's Rule 26 disclosures, the affidavit had previously been used without objection by MTGLQ in a motion opposing remand. Moreover, the district court recognized that the failure to disclose the affidavit was not deliberate, but rather due to the fact that the court's own scheduling order did not make clear the deadline for the Rule 26 disclosures. We cannot conclude based on these detailed findings that the district court abused its discretion when it admitted the affidavit into evidence.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.