# NO. 12-17-00047-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NATIONSTAR MORTGAGE, LLC,* *APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *KEN LANDERS AND CLARLINDA* *LANDERS,* *APPELLEES* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Nationstar Mortgage LLC (Nationstar) appeals from the trial court's judgment in favor of Ken Landers and Clarlinda Landers. In one issue, Nationstar maintains that the trial court erred by granting the Landerses' motion for summary judgment. We reverse and remand.

## BACKGROUND

In 2006, the Landerses[1] purchased a house with the proceeds of a loan they obtained from Nationstar's predecessor in interest, Aurora Loan Services, LLC (Aurora). They stopped making their monthly payments in September 2009, and Aurora accelerated the maturity of the debt on November 9, 2009. The Landerses sued Aurora asserting fraud and estoppel. They also obtained an ex parte temporary restraining order enjoining Aurora from "conducting a foreclosure sale or otherwise dispossessing [the Landerses] of their interest in the aforementioned Property." The temporary restraining order expired by its own terms ten days later.

On August 7, 2013, the trial court signed an agreed temporary injunction order prohibiting Aurora from conducting a foreclosure sale of the property until dismissal, final judgment, or other resolution of the case. On September 12, the trial court granted summary

---

[1] Ken Landers died on May 30, 2016, leaving Clarlinda Landers as the sole owner of the property. For continuity and ease of understanding, we will continue to refer to the Landerses in the plural.

judgment in Aurora's favor on the Landerses' fraud claim and the agreed temporary injunction expired by its own terms. The Sixth Court of Appeals affirmed the summary judgment.[2]

On December 23, 2013, Nationstar sued to judicially foreclose its lien on the property under the deed of trust, or, in the alternative, to rescind the contract under the vendor's lien in the warranty deed.[3] Nationstar then filed a motion for traditional summary judgment on the judicial foreclosure claim. The Landerses responded, and also urged in a motion for traditional summary judgment, that the statute of limitations barred Nationstar's judicial foreclosure claim. Nationstar asserted that its suit was timely because the limitations period was tolled by the temporary restraining order and the temporary injunction entered in the Landerses' fraud suit. The trial court granted Nationstar's summary judgment motion and denied the Landerses' motion for summary judgment.

The Landerses appealed the trial court's order to this Court. We held that any tolling by the temporary restraining order and the temporary injunction order applied to the limitations period for non-judicial foreclosure only, and not to the limitations period for judicial foreclosure.[4] We further held that the Landerses' summary judgment evidence conclusively proved that Nationstar's judicial foreclosure suit was barred by limitations, we reversed the judgment of the trial court, and we rendered summary judgment in favor of the Landerses on Nationstar's judicial foreclosure claim. We remanded the case to the trial court for further proceedings on Nationstar's rescission claim. Nationstar filed a petition for review in the Texas Supreme Court and a motion for rehearing, which were denied.[5] We entered our mandate and remanded the case to the trial court for disposition of Nationstar's rescission claim.[6]

Thereafter, the Landerses moved for summary judgment on Nationstar's rescission claim on the affirmative defense of limitations. Nationstar responded and argued that the court should deny the Landerses' motion because (1) Nationstar abandoned the 2009 acceleration thereby

---

[2] *See generally Landers v. Aurora Loan Servs., LLC*, 434 S.W.3d 291 (Tex. App.—Texarkana 2014, no pet.).

[3] Servicing of the loan was transferred from Aurora to Nationstar, effective July 1, 2012.

[4] *See generally Landers v. Nationstar Mortg., LLC*, 461 S.W.3d 923, 927 (Tex. App.—Tyler 2015, pet. denied).

[5] *See Nationstar Mortg., LLC v. Landers*, No. 15-0390 (Tex. May 27, 2016) (order).

[6] *See Landers v. Nationstar Mortg., LLC*, No. 12-14-00261-CV (Tex. App.—Tyler Sept. 16, 2016) (mandate).

restoring the note's original maturity date and extending the limitations period, and (2) the law of the case doctrine was inapplicable because this Court remanded the case to decide a new cause of action with new evidence. As summary judgment evidence, Nationstar provided the original note, the 2009 notice of default, the 2009 notice of acceleration, a 2012 letter from Nationstar to the Landerses, and a 2013 letter from Nationstar to the Landerses. In response, the Landerses argued that Nationstar (1) judicially admitted to the November 2009 acceleration, which barred it from arguing abandonment of acceleration, (2) did not intend to abandon the acceleration, and (3) was prohibited from unilaterally abandoning the acceleration because the Landerses detrimentally relied on the 2009 acceleration. The trial court granted summary judgment in the Landerses' favor. This appeal followed.

## PRESERVATION OF ERROR

We first address the Landerses' contention that because Nationstar failed to address their judicial admission and detrimental reliance arguments, "Nationstar does not attack on appeal all the grounds for the judgment… [t]hat failure constitutes a waiver of points of error, which defeats Nationstar's appeal."

This contention is based upon the general rule that an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment. *See Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). If an appellant does not attack all grounds supporting the judgment, then we must affirm the ruling or judgment. *Id*.

In this case, the only ground upon which the Landerses moved for summary judgment order was limitations. On appeal, Nationstar argues that the trial court erred in granting the Landerses' summary judgment based on limitations.

We decline to conclude that Nationstar's failure to address specific arguments made by the Landerses in support of the only specified ground identified in the summary judgment order constitutes waiver. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("[A]ppellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver…simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible[.]"); *see also* TEX. R. APP. P. 38.1(f) (the brief must state concisely all issues or points presented for review…the statement of an issue or point will be treated as covering

3

every subsidiary question that is fairly concluded).  Accordingly, we conclude that Nationstar sufficiently challenges the trial court's summary judgment order, and we proceed to address the merits of its appeal.  *See Perry*, 272 S.W.3d at 587.


## LIMITATIONS

In its sole issue, Nationstar argues that the trial court erred in granting the Landerses' motion for summary judgment because (1) Nationstar abandoned the 2009 acceleration, which restored the note's maturity date and thereby extended the limitations period, and (2) the law of the case does not apply on remand for consideration of a separate claim with new evidence and new defenses.  The Landerses argue that the judgment should be affirmed because Nationstar judicially admitted that it accelerated the loan in November 2009.  They further contend that they detrimentally relied on the November 2009 acceleration when they paid off a second lien on their home after this Court's 2016 mandate.

Nationstar, in turn, argues that the Landers cannot rely on the doctrine of judicial admission or detrimental reliance because they did not identify these as grounds for summary judgment in their motion.  Nationstar also contends that its concession that Aurora accelerated the loan in 2009 does not prevent Nationstar from arguing that it abandoned the acceleration. Additionally, Nationstar maintains that the Landerses did not detrimentally rely on the 2009 acceleration because their actions in paying off the second lien benefitted them and because they paid the second lien after Nationstar abandoned the acceleration.

**Standard of Review and Applicable Law**

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We review the evidence presented in the motion and response in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A traditional motion for summary judgment is granted only when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.*

A defendant moving for summary judgment on a statute of limitations affirmative defense must prove conclusively that defense's elements.  *Shah v. Moss*, 67 S.W.3d 836, 842

4

(Tex. 2001); *see also* **Burns v. Thomas**, 786 S.W.2d 266, 267 (Tex. 1990). A statute of limitations does not give any right of action, but restricts the period within which a party can assert a right. **Hunt Steed v. Steed**, 908 S.W.2d 581, 583 (Tex. App.–Fort Worth 1995, writ denied). The primary purpose of a limitations statute is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. **Cooper v. D & D G.C. of Gilmer, Inc.**, 187 S.W.3d 717, 720 (Tex. App.—Tyler 2006, no pet.).

Generally, if a note payable in installments is secured by a lien on real property, limitations for enforcement of the lien does not begin to run until the maturity date of the last installment. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 16.035(e) (West 2002). But if a note or deed of trust secured by real property contains an optional acceleration clause, the cause of action for enforcement accrues when the holder exercises its option to accelerate. **Holy Cross Church of God in Christ v. Wolf**, 44 S.W.3d 562, 566 (Tex. 2001) (non-judicial foreclosure); **Nat'l City Bank of Ind. v. Ortiz**, 401 S.W.3d 867, 885–86 (Tex. App.–Houston [14th Dist.] 2013, pet. denied) (judicial foreclosure).

A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE. ANN. § 16.035(e). Similarly, a sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues. *Id*. § 16.035(b) (West 2002); **Holy Cross**, 44 S.W.3d at 567.

When the four year limitations period expires, the real property lien and the power of sale to enforce the lien become void. TEX. CIV. PRAC. & REM. CODE. ANN. § 16.035(e), (d) (West 2002); **Holy Cross**, 44 S.W.3d at 567. Real property liens subject to the four year limitations period include (1) a superior title retained by a vendor in a deed of conveyance or a purchase money note; or (2) a vendor's lien, a mortgage, a deed of trust, a voluntary mechanic's lien, or a voluntary materialman's lien on real estate, securing a note or other written obligation. TEX. CIV. PRAC. & REM. CODE. ANN. § 16.035(g)(1)(2) (West 2002).

## Judicial Admission

Nationstar contends that we cannot consider the Landerses' arguments concerning judicial admission and detrimental reliance because the Landerses made these arguments for the

first time in their summary judgment reply and not in their original summary judgment motion. Assuming without deciding that the Landerses may raise these issues on appeal, the outcome does not change.

"A judicial admission results when a party makes a statement of fact which conclusively disproves a right of recovery or defense he currently asserts. " *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 357 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (quoting *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730, 740 (Tex. App.—Houston [14th Dist.] 1998, no pet.)). The elements required to establish a judicial admission are (1) the statement must be made in the course of a judicial proceeding; (2) it must be contrary to an essential fact or defense asserted by the party; (3) it must be deliberate, clear, and unequivocal; (4) it cannot be destructive of the opposing party's theory of recovery or defense; and (5) enforcing the statement as a judicial admission would be consistent with public policy. *Id.* The public policy served by judicial admissions is that it would be unjust to permit a party to recover after he has sworn himself out of court by a clear, unequivocal statement. *Id.*

In this case, Nationstar does not dispute that Aurora accelerated the loan in November 2009. Nationstar argues that (1) the 2009 acceleration is not contrary to an essential fact or defense asserted by Nationstar and, thus, does not qualify as a judicial admission, and (2) it is not contrary to an essential fact or defense to now argue that it later unilaterally abandoned the 2009 acceleration when it sent a letter to the Landerses offering to bring the loan current with an amount less than the full accelerated balance. Nationstar argues that it reaccelerated the note when it filed suit in December 2013.

When an express vendor's lien is retained to secure unpaid purchase money, the vendor holds superior title, and the vendee has a mere equitable right to acquire title by carrying out the agreement. *Dominey v. Unknown Heirs & Legal Representatives of Lokomski*, 172 S.W.3d 67, 73 (Tex. App.—Fort Worth 2005, no pet.). The vendor has a choice of remedies on the vendee's default in the payment of the purchase price; the vendor may sue for his money, rescind the contract and take possession, or sue to recover title and possession. *Id.* The remedy of rescission is separate and distinct from and wholly independent of the remedies to enforce payment. *Id.* at 74. In order to be entitled to the remedy of rescission pursuant to a vendor's lien, the vendor must show that the vendee has not repaid the purchase price in accordance with the note. *Id.* To prove default under a promissory note, a plaintiff must establish that a certain

6

balance is due and owing on the note. *Id.* If a note or deed of trust secured by real property contains an optional acceleration clause, default does not by itself start limitations running on the note. *Holy Cross*, 44 S.W.3d at 566. The action accrues only when the holder actually exercises its option to accelerate. *Id.* Absent evidence of abandonment or a contrary agreement between the parties, a clear or unequivocal notice of intent to accelerate and a notice of acceleration is enough to conclusively establish acceleration. *Id.* at 574. However, the acceleration of a note can be abandoned by agreement or other action of the parties. *See Khan*, 371 S.W.3d at 353. Abandonment of acceleration has the effect of restoring the contract to its original condition, thereby restoring the note's original maturity date for purposes of accrual. *Id.*

In this case, Aurora initially trigged the four year statute of limitations when it sent the November 2009 notice of acceleration. However, Nationstar argues that it later unilaterally abandoned the acceleration by sending two letters to the Landerses. The first letter, dated July 15, 2012, notified the Landerses that Nationstar was the new servicer of the mortgage. The letter indicated the total current amount due of $127,417.70, an amount less than the full accelerated amount due on the note. The letter further stated:

> [B]ased on the information we have received from your previous mortgage servicer, we believe you may be experiencing a financial hardship[.] We want to help you stay in your home[.] Nationstar Mortgage may have modification programs and other workout solutions that have not been made available to you…if you're having trouble making your payment, please call us immediately so we can find a solution that meets your needs.

The second letter, dated July 31, 2013, notified the Landerses that they were in default of the note and deed of trust. It further indicated that their account was due for the July 2009 payment and subsequent payments totaling $209,258.96, an amount less than the full amount due on the note. The letter stated as follows:

> …you have the right to cure the default by paying the total amount due listed above, within 30 days from the date of this letter…[U]nless we receive full payment of all past-due amounts by the date above, we will accelerate the entire sum of both principal and interest due and payable, and invoke any remedies in the Note and Security Instrument, including but not limited to the foreclosure sale of the property.

Nationstar attached these letters as exhibits to its summary judgment response and argues on appeal that these letters had the effect of abandoning the 2009 acceleration and restoring the note to its original condition, thus restoring the note's original maturity date for purposes of accrual.

The Landerses argue that "if a holder of a note admits at summary judgment that acceleration has occurred on a specific date, [this] constitutes a judicial admission allowing a conclusion as a matter of law that accrual has occurred." Further, they contend that the date of acceleration is "one precise date which was always, from the inception of the case, 'essential' to both claims." According to the Landerses, "Nationstar litigated its judicial foreclosure claim based solely on limitations having accrued on November 9, 2009, which was owing to the acceleration having occurred on that date…its one and only theory was that limitations was tolled for 6 weeks…its judicial admission of the acceleration date could not be any clearer or more unequivocal to any other date." They proceed to argue that "[n]ow Nationstar wants to dispute in Round 2 an essential fact it admitted in Round1 because it did not read one of its own documents until late in Round 2—some three years after it filed its lawsuit and seven years after it accelerated the loan."

We conclude that the judicial admission doctrine does not bar Nationstar's argument that they abandoned the 2009 acceleration in 2012 or 2013. To be entitled to the remedy of rescission pursuant to its vendor's lien, Nationstar must show that the Landerses have not repaid the purchase price in accordance with the note. *See* ***Dominey***, 172 S.W.3d at 74. To prove a default, Nationstar must establish that a certain balance is due and owing on the note. *See* ***id.*** The exact date on which Nationstar accelerated the balance of the note is thus not an essential fact to their claim or defense. *See id*; *see also* ***Khan***, 371 S.W.3d at 357.

The date on which Nationstar accelerated the note is, however, crucial in determining when the claim accrues for purposes of limitations, which is an affirmative defense asserted by the Landerses. *See* ***id.***; *see* TEX. R. CIV. P. 94. For the doctrine of judicial admission to apply, the admission would have to be contrary to a claim or defense asserted by Nationstar, not the Landerses. *See* ***Khan***, 371 S.W.3d at 357. Nationstar did not "swear itself out of court," as contemplated by the doctrine of judicial admission, by acknowledging the 2009 acceleration in the previous litigation. *See* ***id.*** Thus, the judicial admission doctrine does not prohibit Nationstar from arguing abandonment of the November 2009 acceleration. *See* ***id.***

**Detrimental Reliance**

The Landerses presented evidence to the trial court that they refinanced a second-lien mortgage in default, which they otherwise would not have done, once the acceleration date and expiration of limitations on the note were established. They argue that this act amounted to detrimental reliance on the 2009 acceleration, consequently prohibiting Nationstar from unilaterally abandoning the acceleration. The Landerses state (1) "[N]ationstar never contested the fact of acceleration having occurred in 2013 [sic] until November 29, 2016, when it for the first time asserted that it had abandoned acceleration;" (2) they "in the meantime, had defended this lawsuit through to finality on Nationstar's judicial foreclosure claim based on acceleration having occurred in 2013 [sic];" and (3) "once the first lien became invalid after the conclusion of all appeals in August, 2016, the Landerses, in order to keep their home, borrowed new money to refinance a second-lien purchase-money loan," which they had no reason to do had "Nationstar been entitled to foreclose on its priority lien."

Several of our sister appellate courts have held that the holder of a note may unilaterally abandon acceleration after its exercise, so long as the borrower neither objects to abandonment nor detrimentally relied on the acceleration. *See Swoboda v. Wilshire Credit Corp.*, 975 S.W.2d 770, 776–77 (Tex. App.—Corpus Christi 1998, pet. denied) ("[I]f a creditor exercises the option to accelerate and makes a declaration to that effect, the election to accelerate can be revoked or withdrawn at any time, so long as the debtor has not detrimentally relied on the acceleration."), *disapproved of on other grounds by Holy Cross*, 44 S.W.3d at 570; *Dallas Joint Stock Land Bank v. King*, 167 S.W.2d 245, 247 (Tex. Civ. App.—Fort Worth 1942, writ ref'd) ("[A]fter a note has been declared all due under a provision giving the holder the option to do so, [the holder may] waive or rescind such action so as to reinstate the note and make it payable again according to its original terms."); *Manes v. Bletsch*, 239 S.W. 307, 308 (Tex. Civ. App.—Austin 1922, no writ) ("Appellant contends that, having already exercised his option, the same was irrevocable…this may be true as against the will of the payer, but, where the payer is not objecting to the recall of such option, we can see no reason why the payee could not revoke the same as well as not to have exercised it in the beginning."). Regardless of whether a lender's objection to or reliance on an acceleration prevents abandonment of the acceleration by the debtor under Texas law, the record does not show that the Landerses' actions in paying the second lien amounted to detrimental reliance on the 2009 acceleration.

9

To show detrimental reliance, a party must show that he materially changed his position in reliance on another party's promise or representation. *See **Bitterroot Holdings, LLC v. MTGLQ Inv'rs, L.P.***, 5:14-CV-862-DAE, 2015 WL 6442622, at \*8 (W.D. Tex. Oct. 23, 2015), *aff'd sub nom.* ***Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.***, 648 Fed. Appx. 414 (5th Cir. 2016) (unpublished) (citing ***Sandel v. ATP Oil & Gas Corp.***, 243 S.W.3d 749, 753 (Tex. App.—Houston [14th Dist.] 2007, no pet.)). The Landerses' actions in paying the second debt is insufficient to show detrimental reliance. *See **Bitterroot Holdings***, 2015 WL 6442622 at \*8. The record indicates that the deed of trust securing the second debt was entered prior to the November 2009 acceleration. Therefore, the Landerses would have owed the money to the second lender regardless of the outcome of this case. As a result, their actions in paying the debt do not show detrimental reliance because they did not materially change their position in reliance on another party's promise or representation. *See **id.*** (holding that a debtor's decision not to pay his debt to a homeowner's association, which he testified he made because he was already in default on his home loan, did not represent detrimental reliance when the debtor was in debt to his homeowner's association prior to the bank's acceleration of his mortgage debt, and he remained in debt to the homeowner's association after the acceleration). Further, the Landerses' argument that they borrowed new money to refinance a second-lien purchase-money loan after the conclusion of all appeals, which they had no reason to do if Nationstar could foreclose on its priority lien, indicates that they chose to pay the second loan based on this Court's decision that limitations had run on Nationstar's judicial foreclosure claim rather than on the 2009 notice of acceleration. Under these circumstances, we conclude that the Landerses did not detrimentally rely on the 2009 acceleration as to bar Nationstar from unilaterally abandoning that acceleration. *See **id***.; *see also **Swoboda***, 975 S.W.2d at 776–77.

## Summary Judgment

Having concluded that Nationstar was not barred from asserting abandonment of the 2009 acceleration, we now consider the propriety of the trial court's grant of summary judgment in favor of the Landerses. The Landerses presented the same evidence that they provided in the previous proceeding, which we held conclusively proved their limitations claim as to judicial foreclosure. *See **Landers***, 461 S.W.3d at 927. Nationstar, in turn, presented the two previously discussed letters from 2012 and 2013.

It is an affirmative defense to assert that a claim is barred by the statute of limitations. TEX. R. CIV. P. 94. Accordingly, the party moving for summary judgment based on the statute of limitations carries the burden of establishing as a matter of law that the limitations period expired on the relevant claims. *Shah*, 67 S.W.3d at 842; *see also Burns*, 786 S.W.2d at 267. This includes establishing when the causes of action accrued. *Burns*, 786 at 267. It is established that a note holder who exercises its option to accelerate may later abandon acceleration which has the effect of restoring the contract to its original condition, thereby also restoring the note's original maturity date. *Khan*, 371 S.W.3d at 353.

The Landerses, as movants, bore the burden of pleading and conclusively proving their affirmative defense of limitations. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Once they met this burden, Nationstar, as non-movant, was required to produce sufficient evidence to raise a fact issue. *Id.* Evidence favorable to the non-movant must be accepted as true and every reasonable inference indulged in the non-movant's favor. *Id.* Thus, Nationstar was not obligated to conclusively prove that it abandoned the acceleration, but merely raise a fact issue as to abandonment. *See id.*; *see also Khan*, 371 S.W.3d 347.

The issue of abandonment of acceleration has been framed by reference to traditional principles of waiver. *See Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974, no writ). The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with this right. *See Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015). Waiver can occur either expressly, through a clear repudiation of the right, or impliedly. *Id.* at 106 (citing *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015)).

Nationstar presented evidence to the trial court that it sent two separate letters to the Landerses prior to filing suit in December 2013. The 2012 letter, which we previously described, listed an amount due that was less than the full accelerated balance of the note. The letter also indicated the existence of modification programs and other workout solutions available to the Landerses, to enable them to stay in their home. The second letter, sent in 2013, notified the Landerses that they were in default of the note and deed of trust. It further indicated that their account was due for the July 2009 payment and subsequent payments totaling $209,258.96, an amount less than the full amount due on the note. The 2013 letter stated that the

11

Landerses could cure the default in thirty days, but if not cured, they faced acceleration and invocation of remedies in the note and security instrument. Thus, both letters contain language evidencing an existing right, Nationstar's knowledge of that right, and an intent to relinquish the right to accelerate. *See Boren*, 807 F.3d at 105. Accordingly, viewing the evidence in the light most favorable to Nationstar, we conclude that Nationstar's letters create a fact issue as to whether it abandoned the 2009 acceleration. *See Khan*, 371 S.W.3d at 356-57; *see also Boren*, 807 F.3d at 106 (a lender waives its earlier acceleration when it puts a debtor on notice of its abandonment by requesting payment on less than the full amount of the loan). Because Nationstar submitted evidence sufficient to raise a fact question as to abandonment of acceleration, the trial court erred in granting summary judgment in favor of the Landerses on their affirmative defense of limitations. *See Siegler*, 899 S.W.2d at 197; *see also Khan*, 371 S.W.3d at 356-57. We sustain Nationstar's sole issue.

## DISPOSITION

Having *sustained* Nationstar's sole issue, we *reverse* the judgment of the trial court and *remand* this case for further proceedings consistent with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered April 11, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

12



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 11, 2018

NO. 12-17-00047-CV

**NATIONSTAR MORTGAGE, LLC,**
Appellant
V.
**KEN LANDERS AND CLARLINDA LANDERS,**
Appellees

Appeal from the 392nd District Court
of Henderson County, Texas (Tr.Ct.No. 2013C-1185)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings,** and that all costs of this appeal are hereby adjudged against the Appellees, **KEN LANDERS AND CLARLINDA LANDERS,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*