# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10248

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2019

Lyle W. Cayce
Clerk

JATERA CORPORATION; ESTHER RANDLE MOORE,

Plaintiffs - Appellants

v.

US BANK NATIONAL ASSOCIATION, As Trustee, in Trust for the Registered Holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates, Series 2005-HE3; SELECT PORTFOLIO SERVICING, INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, BARKSDALE, and HO, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

At issue in this diversity action is whether Texas law provides a detrimental-reliance exception to a lender's right to unilaterally withdraw a notice of acceleration; and, if so, whether Jatera Corporation and Esther Randle Moore detrimentally relied on the notice of acceleration by U.S. Bank National Association (Bank) and Select Portfolio Servicing, Inc. (SPS). Appellants challenge the district court's, on cross-motions for summary judgment, denying Appellants' motion and granting Appellees'.  AFFIRMED.

No. 18-10248

I.

In 2005, Moore and her husband purchased a house located in Dallas, Texas (the property), by signing a Texas home equity fixed/adjustable rate note in the amount of $99,200, secured by a Texas home equity security instrument. Through a series of transfers and assignments, the Bank became the owner and holder of the note and security interest.

After her husband died in April 2008, all interest in the property was transferred to Moore, who soon defaulted on her mortgage payments. In March 2010, the Bank's then loan servicer notified Moore of its intent to accelerate the note (acceleration notice), demanding full payment of the debt ($116,575.80).

After the Bank filed suit in state court in 2011 to obtain a court order permitting foreclosure on the property, Moore signed an agreed final judgment in November 2011, consenting to foreclosure. In January 2012, Moore vacated the property and signed a one-year lease for an apartment.

The Bank's new loan servicer, SPS, sent a new notice of default to Moore in November 2012, informing her: she could cure her default by making a payment of $38,343.99; but, if payment was not received by December 2012, the note would be re-accelerated.

In March 2015, Moore conveyed her interest in the property to Scojo Solutions, LLC, through a special warranty deed. One month later, Scojo transferred its interest in the property to Jatera Corporation.

After SPS re-initiated the foreclosure proceedings originally pursued by the Bank, Jatera filed this action against the Bank and SPS in state court, seeking a judgment declaring the lien on the property void because Appellees failed to initiate foreclosure proceedings within the four-year statute of limitations. In response, Appellees removed this action to federal court on the basis of diversity jurisdiction.

No. 18-10248

In district court, Jatera amended its complaint, asserting that Moore's detrimental reliance on the acceleration notice prevented Appellees from abandoning the acceleration in November 2012.  Moore was joined as a plaintiff.  She filed a complaint seeking a judgment declaring the lien on the property void, and/or quieting title in Jatera's name (also on grounds of her detrimental reliance).

The parties filed cross-motions for summary judgment on all claims. Regarding Moore's claims, the district court held Moore no longer retained an interest in the property, and, therefore, lacked standing.  Concerning Jatera's claims, the court noted the uncertainty surrounding the detrimental-reliance exception under Texas law, but held that, in any event, detrimental reliance runs to the benefit of the party asserting it, and Jatera had failed to show it detrimentally relied on the acceleration notice.  Accordingly, the court denied Appellants' motion and granted Appellees'.

## II.

Appellants contend the district court erred in denying their summary-judgment motion and in granting Appellees'.  Accordingly, Appellants request judgment's being rendered in their favor; alternatively, that this case be remanded to district court.

The district court's "grant[] and denial[] of summary judgment [is reviewed] de novo".  *Century Surety Co. v. Seidel*, 893 F.3d 328, 332 (5th Cir. 2018) (quotations and citation omitted).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law".  Fed. R. Civ. P. 56(a).  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  However, [a] mere scintilla of evidence will not preclude granting of a motion for summary judgment."  *Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*, 648 F. App'x

No. 18-10248

414, 417 (5th Cir. 2016) (alteration in original) (internal quotations and citations omitted).

"When parties file cross-motions for summary judgment, we review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Cooley v. Hous. Auth. of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (internal quotations and citation omitted).

## A.

Texas substantive law applies to this diversity-jurisdiction case. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78–79 (1938). In instances where the State's highest court has not spoken on the direct question, federal courts are required to make an "*Erie* guess and determine, in [their] best judgment how [the State's highest court] would resolve the issue if presented with the same case". *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013) (first alteration in original) (internal quotations and citation omitted). In doing so, our court "defer[s] to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise". *Mem'l Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008) (internal quotations and citation omitted).

## 1.

Under Texas law, "[a] person must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues". Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a). If foreclosure does not occur within this limitations period, "the real property lien and a power of sale to enforce the . . . lien become void". *Id.* § 16.035(d). If the note secured by the property contains an optional acceleration clause, "the action accrues only when the holder actually exercises its option to accelerate". *Bitterroot*,

648 F. App'x at 418 (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)).

The acceleration may be abandoned, either by the lender's unilateral actions or by agreement, thereby suspending the limitations period until the lender exercises its option to re-accelerate the note. *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015); *Holy Cross*, 44 S.W.3d at 566–67. "[T]he request for payment of less than the full obligation—after initially accelerating the entire obligation—[is] an unequivocal expression of the bank's intent to abandon or waive its initial acceleration". *Martin v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 315, 318 (5th Cir. 2016).

Accordingly, the parties do not dispute the November 2012 notice of default, which requested less than the full debt, could have constituted an abandonment of the 2010 acceleration. Instead, Appellants assert the Bank was estopped from abandoning the 2010 acceleration due to Moore's detrimental reliance on it.

2.

First, the parties dispute whether, under Texas law, a detrimental-reliance exception exists to a lender's right to unilaterally withdraw its exercise of an option to accelerate. No Texas court has ever held detrimental reliance is an exception.

Discussion about a detrimental-reliance exception first appeared in 1998 in *Swoboda v. Wilshire Credit Corp.*, in which a Texas intermediate appellate court stated in *dicta*: "Even if a creditor exercises the option to accelerate and makes a declaration to that effect, the election to accelerate can be revoked or withdrawn at any time, so long as the debtor has not detrimentally relied on the acceleration". 975 S.W.2d 770, 776–77 (Tex. App. 1998), *disapproved of on other grounds by Holy Cross*, 44 S.W.3d 562. For this detrimental-reliance proposition, the Texas appellate court cited two non-

Texas cases: *In re Adu-Kofi*, 94 B.R. 14, 15 (Bankr. D. R.I. 1988); and *Golden v. Ramapo Improvement Corp.*, 78 A.D.2d 648 (N.Y. App. Div. 1980).

Since *Swoboda*, numerous courts have cited this language, also in *dicta*. *See*, *e.g.*, *Boren*, 807 F.3d at 105; *Nunnery v. Ocwen Loan Servicing, L.L.C.*, 641 F. App'x 430, 433 (5th Cir. 2016); *Justice v. Wells Fargo Bank Nat'l Ass'n*, 674 F. App'x 330, 333 (5th Cir. 2016); *Nationstar Mortgage, LLC v. Landers*, No. 12-17-00047-CV, 2018 WL 1737013, at *6 (Tex. App. 11 Apr. 2018); *Graham v. LNV Corp.*, No. 03-16-00235-CV, 2016 WL 6407306, at *3 (Tex. App. 26 Oct. 2016).

Recently, however, federal and Texas state courts have expressed doubts about whether the exception exists. *See*, *e.g.*, *Graham*, 2016 WL 6407306, at *4 & n.3 ("Texas courts have not resolved the question of whether a note holder can unilaterally rescind acceleration . . . despite the debtor's detrimental reliance on the acceleration".); *Bitterroot*, No. 5:14-CV-862-DAE, 2015 WL 6442622, at *7 (W.D. Tex. 23 Oct. 2015) ("Given that *Swoboda*'s detrimental reliance rule was derived from authority outside of Texas, however, the Court agrees that it is less than clear that the Texas Supreme Court would adopt the same rule."), *aff'd* 648 F. App'x 414 (5th Cir. 2016).

Along that line, a very recent unpublished opinion by our court noted: "According to Texas intermediate appellate courts, the holder of a note may not unilaterally abandon acceleration if the borrower objects to abandonment or has detrimentally relied on the acceleration". *Sims v. RoundPoint Mortg. Servicing Corp.*, --- F. App'x ---, 2019 WL 360069, at *3 (5th Cir. 28 Jan. 2019) (per curiam) (citing *Boren*, 807 F.3d at 105); *see also* 5th Cir. R. 47.5.4 (unpublished opinions on or after 1 January 1996 are not precedential except in certain instances not applicable in *Sims*).

This opinion did not discuss the uncertainty surrounding the detrimental-reliance exception, nor did it hold a detrimental-reliance

exception exists under Texas law. *Id.* Instead, it joins the line of cases that have cited this purported exception in *dicta.* Ultimately, our court held the filing of bankruptcy, in that case, was not proof of detrimental reliance on the acceleration notice. *Id.* at *4.

More to the issue at hand, the Texas legislature in 2015—almost 20 years after *Swoboda* was decided—enacted Texas Civil Practice and Remedies Code § 16.038; subsection (a) states: "If the maturity date of a series of notes or obligations or a note or obligation payable in installments is accelerated, and the accelerated maturity date is rescinded or waived . . . before the limitations period expires, the acceleration is deemed rescinded and waived and the note, obligation, or series of notes or obligations shall be governed . . . as if no acceleration had occurred." This statute provides no exceptions to a lender's right to unilaterally withdraw the acceleration.

"A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it." *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) (citation omitted). "Enforcing the law as written is a court's safest refuge in matters of statutory construction, and we should always refrain from rewriting text that lawmakers chose . . . ." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009) (citing *Simmons v. Arnim*, 220 S.W. 66, 70 (1920) ("Courts must take statutes as they find them.")).

The Texas legislature, presumably with knowledge of the case law, chose not to include in the statute any exception to the lender's right to unilaterally withdraw an acceleration notice. Therefore, it is unlikely the Texas Supreme Court would be willing to read such language into the statute, especially considering the language ultimately comes from *dicta* citing authority from outside of Texas.

No. 18-10248

Accordingly, we hold detrimental reliance is not an exception to the lender's right to unilaterally withdraw an acceleration notice under Texas law.

## B.

The other issue on appeal concerned whether, for the claimed exception, the requisite detrimental reliance existed. The district court concluded: Jatera did not suffer such reliance; and Moore no longer retained an interest in the property, and, therefore, lacked standing. Jatera asserts Moore's purported reliance was assigned to it through the earlier-described special warranty deed.

But, as held above, the claimed detrimental-reliance exception does not exist under Texas law. Therefore, we need not reach whether there was such reliance, including whether Jatera was assigned Moore's detrimental-reliance claim, or whether Moore suffered such reliance.

## III.

For the foregoing reasons, the judgment is AFFIRMED.