# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2019

Lyle W. Cayce
Clerk

No. 18-10494
Summary Calendar

GAYA HOLMAN,

                    Plaintiff-Appellant

v.

NATIONSTAR MORTGAGE, L.L.C.; US BANK NATIONAL ASSOCIATION,
as Successor Trustee to Bank of America NA, as Successor to Lasalle Bank,
NA, as Trustee for the Holders of the Merrill Lynch First Franklin Mortgage
Loan Trust, Mortgage Asset-Backed Certificates, Series 2007-1,

                    Defendants-Appellees

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-2125

---

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

In July 2014, U.S. Bank National Association filed in Texas state court an application for an expedited order to foreclose on a home owned by Gaya Holman. In November 2014, Holman, proceeding pro se, initiated the instant civil action by filing a petition in Texas state court to stave off foreclosure; she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10494

named U.S. Bank and Nationstar Mortgage, L.L.C., as defendants. She asserted that the applicable statute of limitations barred foreclosure. The civil action was removed to federal district court.

The district court granted summary judgment in favor of U.S. Bank and Nationstar (collectively, "the Lenders"). Holman, proceeding pro se, appeals. She attacks the grant of summary judgment only on the statute-of-limitations issue.

We review a grant of summary judgment de novo. *See Sossamon v. Lone Star State of Tex.,* 560 F.3d 316, 326 (5th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We construe the facts in Holman's favor. *See Sossamon,* 560 F.3d at 326.

Under Texas law, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a). Here, the parties agree that an acceleration occurred in 2009, which resulted in accrual of the cause of action. Instead, the crux of the dispute concerns whether the district court correctly determined on summary judgment that foreclosure was not time-barred because the 2009 acceleration was abandoned, such that the Lenders' foreclosure action was initiated within the four-year limitations period.

A noteholder may unilaterally abandon acceleration after its exercise "when it 'put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan.'" *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015) (alteration and omission in original) (quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 Fed. App'x 677, 680

(5th Cir. 2015) (per curiam) (unpublished)).  Given *Boren*, and in view of the summary-judgment evidence, the district court did not err in determining that the 2009 acceleration was abandoned.  *See id.*  Because the abandonment issue is resolved based on the application of *Boren*, we need not decide whether the Lenders abandoned acceleration earlier by accepting payments Holman made pursuant to a repayment plan.

This does not end our inquiry, however, because Holman argues that she objected to the Lenders' abandonment of acceleration.  Texas intermediate courts have suggested that "the holder of a note may not unilaterally abandon acceleration if the borrower objects to abandonment."  *Jatera Corp. v. U.S. Bank Nat'l Ass'n, as Tr., for Registered Holders of Citigroup Mortg. Loan Tr.*, 917 F.3d 831, 836 (5th Cir. 2016) (quoting *Sims v. Roundpoint Mortg. Servicing Corp.*, 760 F. App'x 306, 311 (5th Cir. 2019) (per curiam) (unpublished)); *see also Boren*, 807 F.3d at 105 (collecting cases).  However, we review this issue under the plain-error standard because Holman did not object to the magistrate judge's report on that basis.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Even assuming the district court erred by finding the Lenders abandoned acceleration despite Holman's objections, its error was not "clear or obvious."  *Septimus v. Univ. of Hous.*, 399 F.3d 601, 606-07 (5th Cir. 2005).  Holman first asserts that she objected to the abandonment of acceleration by filing a response to the Lenders' state-court foreclosure action and by filing her complaint in this action.  But "[w]e have routinely declined to treat a subsequent lawsuit for a declaratory judgment as an objection to abandonment."  *Sims*, 760 F. App'x at 312.  In her reply brief, Holman additionally cites to various correspondence she sent the Lenders objecting to

their notices of default.    However, these objections dispute the amount of Holman's debt; they do not challenge the Lenders' decision to abandon the earlier acceleration.    It is neither clear nor obvious that these objections prevented the Lenders from unilaterally abandoning the acceleration under Texas law.

The judgment of the district court is AFFIRMED.